John D. **CONDON** et al., Plaintiffs-Appellants,

v.

Coyn **RICHARDSON** et al., Defendants-Appellees.

No. 17074.

United States Court of Appeals Seventh Circuit.

May 23, 1969.

Rehearing Denied July 16, 1969.

William M. Giffin, Robert H. Brunsman, Thomas W. Gray, Springfield, Ill., for plaintiffs-appellants.

James R. Potter, Robert E. Gillespie, George B. Gillespie, Springfield, Ill., for defendants-appellees.

Before CUMMINGS and KERNER, Circuit Judges, and HOFFMAN, District Judge.[1]

JULIUS J. HOFFMAN, District Judge.

This is an action arising under the Securities Exchange Act of 1934. Plaintiffs, John D. Condon, A. H. Handley, Albert Bowers, and W. A. Read, have brought a derivative action as shareholders of Regency Life Insurance Company, an Illinois corporation, against defendants, Coyn Richardson and Thomas Faller, individually and as officers of Regency Life Insurance Com-

---

1. Judge Hoffman is sitting by designation from the United States District Court for the Northern District of Illinois.

pany, John A. Schwander, as an officer of said company, and Coyn Mateer, Walter W. Winter, Robert E. Sanders and Herbert G. Bodewes, as directors of said company. The complaint charges these defendants with violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b), and of rule 10b–5 of the Rules of the Securities Exchange Commission, 17 C.F.R. § 240.10b–5 (1968). The amended complaint consists of five counts, four alleging violations of the federal securities laws, and one pendent count alleging violations of state law. The trial court considered defendants' motions to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure as motions for summary judgment, and relying upon the pleadings, affidavits, and testimony given at the hearings on plaintiffs' motion for a preliminary injunction, it dismissed the complaint. We hold that the trial court erred in granting defendants a summary judgment and we remand this case for a trial on the merits.

Rule 12(b) of the Federal Rules of Civil Procedure clearly provides for the treating of a motion to dismiss for failure to state a claim upon which relief can be granted as a motion for summary judgment under Rule 56. Although it is not abundantly clear from the record whether the lower court based the summary judgment on jurisdictional grounds, which is not permitted under Rule 12(b), or on substantive grounds as provided in Rule 12(b) (6), we proceed under the assumption that the latter grounds were relied upon. Having taken the motion under Rule 56, the trial judge concluded that he found "no genuine issue as to any fact believed to be material to the decision". We find otherwise. Rule 56 provides for the granting of summary judgment when the record shows that "there is no genuine issue as to any material fact *and* that the moving party is entitled to a judgment as a matter of law". We hold that defendants failed to support their motions under both standards set forth in Rule 56.

Plaintiffs' complaint alleges, in the language of § 10(b) and Rule 10b–5, an elaborate and intricate scheme comprised of a series of transactions-involving small insurance companies engineered by defendants, Richardson and Faller, at times when they were dominating and controlling the board of directors of defendant, Regency. Each of the five counts of the complaint, with the exception of count four which deals with violations of state law, sets forth a particular transaction comprising an element of the overall scheme.

The first count, supplemented by allegations in the fifth count added by amendment, alleges a scheme whereby defendants Richardson and Faller proposed a rights offering to the shareholders of Regency at $5.00 per share at a time when Regency stock had a market value of approximately $10.00 per share. The rights offering was undersubscribed, and defendants are alleged to have purchased some 45,000 shares for their own account at $4.25 per share, which they later sold along with other shares of Regency amounting to 62,500 shares at $7.75 per share to American Security Life Insurance Company, which they controlled through their holding company, Investors Unlimited, Inc. This alone may give rise to a cause of action under the act and rule.

But plaintiffs go further, alleging that defendants plan to merge Regency and American Security, thereby passing the inflated purchase price back to Regency. If a merger were effected, the resulting situation would be parallel to the transaction which this court condemned in Dasho v. Susquehanna Corp., 380 F.2d 262 (7th Cir. 1967), where the directors sold their stock to a different corporation which they then merged into the issuer, the result of the cumulated transactions being a sale of stock to the corporation at an inflated price. In *Dasho*, the merger had been completed by the time the case reached this court, but had not been effected at the time

when the complaint was filed. Here, however, the merger has not gone through since the time when this action was commenced. Defendants claim that the merger negotiations alleged had been abandoned, but the termination, if it did occur, is suspicious under the circumstances. The plaintiffs may well be able to show sufficient danger to support an injunction against such a merger. See Dasho v. Susquehanna Corp., 380 F.2d 262 (7th Cir. 1967); SEC v. National Securities, Inc., 393 U.S. 453, 21 L.Ed.2d 668 (January 27, 1969). See also Vine v. Beneficial Finance Co., 374 F.2d 627 (2nd Cir.), cert. denied, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460 (1967); cf. Ruckle v. Roto American Corp., 339 F.2d 24 (2nd Cir. 1964).

█ Count two alleges a violation of the securities law arising out of a tender offer made by defendant Richardson for the stock of Great Heritage Life Insurance Company. It is alleged that Richardson bailed out when it appeared that 51% of the Great Heritage stock could not be obtained and caused Regency to assume the obligation to carry out the terms of the tender offer. Regency was forced to expend large sums of money for an unliquid asset and did not obtain a controlling interest in Great Heritage. Plaintiffs assert that defendants failed to disclose that 51% could not be obtained, while defendants assert that there was full disclosure to the Regency board. This dispute clearly involves a question of material fact to be decided at trial. Moreover, the transaction involves a possible violation of § 10(b) even if the board was, in fact, fully informed. In *Dasho*, this court observed that it is not "sound to differentiate between situations where the directors were unanimous in wrongdoing and those where less than all were involved." 380 F.2d at 270. Under this view, full disclosure to the board would not necessarily prevent a violation of § 10(b).

█ Count three of the complaint involves the so-called "Great Equity Transaction". It is alleged that Regency and American Security agreed to obtain joint control of Great Equity Life Insurance Company by each buying $33\frac{1}{3}\%$ of its stock. American Security bought 37% with a purchase money note, while Regency got only 25%, for cash. The wrong here is the use of Regency cash to support American Security's acquisition of control. If the reduction in Regency's percentage share was part of a plan to deprive it of joint control, and if this plan was concealed by representations to Regency that the two companies would share equally, a claim under the act and rule might be sustained.

Count four is based on state law, asserting breaches by the defendants of their fiduciary duties. Federal jurisdiction over this count is pendent upon the federal claims alleged in the other counts. The district court did not rule specifically upon these state law claims, but entered a general summary judgment for defendants. Since the federal claims were erroneously dismissed it follows that the pendent claims should also proceed to trial.

█ The fifth count alleges that defendants agreed to sell their Regency stock and their Investors Unlimited stock (through which they controlled American Security, which, in turn, owns other Regency stock) to Life Security of Iowa. This sale involves a further sale of the Regency stock which the defendants had allegedly acquired at a depressed price from Regency in the rights offering, and may thus constitute a violation of the act and rule as a scheme to acquire stock at a reduced price and sell it at a profit. There is also an assertion in this count that Life Security of Iowa would merge Regency and American Security, thereby completing the cycle that gave rise to the claim in *Dasho*.

█ We hold that the scheme alleged in the several counts of the complaint states one or more claims upon which relief can be granted under federal law. Furthermore, it is also clear that the record reveals that one or more genuine issues of material fact, within the mean-

ing of Rule 56, remain, thus making the granting of summary judgment inappropriate. Although plaintiffs' material allegations are controverted by defendants' affidavits in support of their motions, these affidavits are not sufficient to negate the effect of the counter-affidavit of D. Gilson Taft, and the testimony of Herman L. Dammerman at the hearing on the preliminary injunction. Based upon the proof adduced in support of and in opposition to the defendants' motions for summary judgment, and based upon the pleadings, it is clear that substantial doubt remains as to the existence of one or more genuine issues of material fact, and, therefore, the motions for summary judgment should have been denied. See Moutoux v. Gulling Auto Electric, 295 F.2d 573 (7th Cir. 1961). See also Ferraioli v. Cantor, 281 F.Supp. 354 (S.D.N.Y.1967); and Entel v. Allen, 270 F.Supp. 60 (S.D.N.Y.1967).

One final matter must still be disposed of. There has been considerable dispute in the briefs and on oral argument as to whether or not plaintiffs ever sought and were refused leave to file an amended complaint after the trial court entered its order granting defendants summary judgment. No good purpose would be served here by attempting to resolve this dispute. However, since this case is being remanded for a trial on the merits, no undue prejudice or delay would result from the filing of an amended complaint by the plaintiffs before the trial in order to reflect occurrences which may be alleged to have transpired since the filing of the previous complaint constituting continuations of the scheme alleged therein. Therefore, in keeping with the spirit of Rule 15 of the Federal Rules of Civil Procedure, we suggest that the plaintiffs be given leave to amend their complaint, if leave is sought, before this cause is brought to trial. This case will be reversed and remanded to the trial court for further proceedings consistent with the opinion of the court.

Reversed and remanded.