John STAREN and David Henner, Plaintiffs-Appellants,

v.

AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, a corporation, et al., Defendants-Appellees.

No. 74–2086.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 3, 1975.

Decided Feb. 3, 1976.

Peter J. Barack, Paul E. Slater, Howard R. Slater, Bradley D. Steinberg, Chicago, Ill., for plaintiffs-appellants.

William D. Maddux, Bruce A. Hubbard, Jay Erens, Anthony M. Anzalone, Keith C. McDole, Chicago, Ill., for defendants-appellees.

Before HASTINGS, Senior Circuit Judge, and PELL and BAUER *, Circuit Judges.

HASTINGS, Senior Circuit Judge.

We are concerned here with challenges to the granting of summary judgment and the dismissal of an amended complaint. This case arose out of an action brought by John Staren and David Henner against the American National Bank and Trust Company of Chicago, a corporation (American), Thorne United, Inc., a corporation, and other defendants, alleging violations of federal and state securities laws, and certain statutory and common law rules of the State of Illinois, in the sale to plaintiffs of securities of Thorne United, Inc.[1]

After defendant American answered plaintiffs' complaint, it filed a motion for

---

* After submission of this appeal for decision, Circuit Judge Bauer discovered from the record that this case had been assigned to him as a district judge and that he had made several procedural rulings therein before the case was reassigned to Judge McMillen. Judge Bauer then withdrew from the case on appeal and did not participate in this opinion or the final result reached herein.

1. The complaint set forth claims in eight separate counts. Count I alleged violations of Sections 5(a)(1) and (2) of the Securities Act of 1933, 15 U.S.C. § 77e; Count II alleged violations of Sections 12(2) and 17(a) of the Securities Act, 15 U.S.C. §§ 77*l*(2) and 77q(a); Count III alleged violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder. Count IV realleges all of Counts I–III. Counts V–VIII are pendent state claims alleging violations of the securities statutes and common law of the State of Illinois.

summary judgment. Based upon the depositions and memoranda filed in support of and in opposition thereto, the trial court granted the motion for summary judgment on the ground that these plaintiffs were not the purchasers of the securities in question but that a third party, Staren and Company, Inc., was the purchaser.

Thereafter, plaintiffs moved for reconsideration of the summary judgment decision. While this motion was pending, the trial court routinely granted plaintiffs leave to file an amended complaint adding Staren and Company, Inc., as a party plaintiff.

The trial court dismissed the amended complaint on the grounds that it was a new and separate action and was barred by the applicable statute of limitations. Subsequently, the trial court denied plaintiffs' motion for reconsideration of the summary judgment on the ground that there was no genuine issue as to the material fact that Staren and Company, Inc., was the purchaser of the Thorne United securities, but only an issue concerning the conclusions made by the court that under the undisputed facts and applicable law, Staren and Company, Inc., and not the individual plaintiffs, purchased the securities.

Plaintiffs have appealed from these decisions of the trial court. The validity of the decisions essentially represents the issues to be considered here. Staren and Company, Inc., did not file a notice of appeal.

### I.

Staren and Company, Inc., a corporation, was engaged in the commodities business. It was organized and controlled by plaintiff John Staren, its president and a shareholder. Plaintiff David Henner was associated with John Staren in the purchase of the securities here in question. Both plaintiffs were customers of defendant American before March 23, 1970, the date of the purchase of the Thorne United, Inc., securities. Prior to March 23, 1970, both plaintiffs had received investment advice on various oth-

er securities from Neil Kraak, then a vice president in the trust department of American.

During the week before March 23, 1970, Kraak made oral and written representations to plaintiffs concerning the purchase of $150,000 of the Thorne United securities which resulted in the purchase of these securities. At the same time, Kraak advised plaintiffs to establish, and he did then establish, a custodian account at American to facilitate the purchase of these securities by plaintiffs. A custodian agreement dated March 23, 1970, for account No. 36–29572 was thus completed and signed by Kraak and plaintiff Staren. The next day, March 24, 1970, Kraak filled out a new account worksheet for account No. 36–29572, naming plaintiff Staren individually as the beneficiary of the account.

The securities of Thorne United were paid for by a March 24, 1970, bank draft for $150,000 on the individual custodian account of Staren, No. 36–29572. The draft named Thorne United, Inc., as the payee for the purchase of the securities. On March 30, 1970, Kraak confirmed the purchase by letter to plaintiffs Staren and Henner (and two others not here involved) and acknowledged receipt of payments of $75,000 from each plaintiff for 3,750 units of Thorne United securities for each of them. This letter further stated that the securities would be held at American "in account 36–29672 (sic), John F. Staren." Each plaintiff was asked to sign a copy of the letter as a receipt and an acknowledgment of the terms of the purchase of the securities.

At the time of the purchase, plaintiff Henner financed both $75,000 purchases as an accommodation to Staren. At that time Henner was in Jamaica, and he had L. D. Schreiber & Co., Inc., a commodities brokerage house, draw a check on his account with them for $150,000, payable to the order of Staren and Company, Inc., under date of March 23, 1970. This check was deposited that day by Staren and Company, Inc., in its account at American. In turn, Staren and Company prepared a check on March 23,

1970, for $150,000 payable to American. This Staren and Company check for $150,000 was subsequently credited by American to John F. Staren's individual custodian account No. 36–29572.

It may also be noted here that on March 23, 1970, a demand note for $75,000, payable to the order of David Henner, was executed by "Staren & Co., Inc., John F. Staren, Pres." This note was subsequently repaid by John Staren by transferring the money to Henner's trading account at Siegel Trading Company.

On or about April 9, 1970, after the March 23, 1970, purchase of the Thorne United securities, it was decided to hold these securities in a corporate custodian account. The individual custodian account of John F. Staren, No. 36–29572, was thus changed to a corporate custodian account in the name of Staren and Company by crossing out the individual name of Staren and replacing it with the corporate name. There appear to be some contradictory reasons given for this change which shall be mentioned later.

It is undisputed that Staren and Henner were commodity brokers customarily dealing together in investments and satisfying their accounts in an informal manner that would best suit their convenience and purposes. Further, it is clear that, prior to the instant litigation, both plaintiffs had been friends of Kraak and had had investment dealings with American through him over a period of years.

The crux of the dispute leading to this appeal was whether Staren and Henner individually purchased the Thorne United securities in question or whether the corporation, Staren and Company, Inc., was the purchaser.

We treat the two issues of (1) whether there exists a genuine issue of material fact as to whether the individual plaintiffs were the purchasers of the securities; and (2) whether the trial court erred in denying plaintiffs leave to amend their complaint by substituting Staren and Company as a corporate party plaintiff.

## II.

It is apparent from the statement of facts that there is a somewhat confusing interplay between the references in the record to both the individual plaintiffs, and to Staren and Company, Inc., as the purchaser. We need not further elaborate on this, since the foregoing narrative sets it out.

However, defendant American aptly points out that Staren, in his deposition, acknowledged that "Staren and Company invested in Thorne United out of its own corporate funds." Staren also admitted that the reason the custodian account was changed from his personal name to the company name was because "[t]he company was the one who made the investment, not myself individually." Further, Staren conceded that the Thorne United securities were listed on the records of Staren and Company as an asset of the company "because it was company funds which purchased the stock." American used this in part as the basis for its motion for summary judgment on October 17, 1973.

The record, however, shows a different version in the affidavits of Staren and Henner filed in opposition to the motion for summary judgment. Staren swore that "I purchased Thorne United, Inc. securities for my own purposes with my own funds * * *." Henner swore that "Mr. Staren and I * * * each decided to invest $75,000 * * * in Thorne United securities."

It is elementary, of course, that summary judgment procedure flows from Rule 56, Federal Rules of Civil Procedure, 28 U.S.C., and in particular from subsection (c), which requires a showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In considering the application of summary judgment as it relates to a choice of inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions submitted to the trial court, the Supreme

Court, in *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), stated: "On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion. A study of the record in this light leads us to believe that inferences contrary to those drawn by the trial court might be permissible." Accordingly, the Court held that the materials submitted to the district court raised a genuine issue as to the ultimate facts material to the issue at hand and that the lower court improperly granted summary judgment.[2]

■ In summary judgment procedure the trial court should not weigh the evidence of the plaintiffs against that of the defendants. That is the function of the fact finder *at trial*. As the Supreme Court stated in *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 628, 64 S.Ct. 724, 729, 88 L.Ed. 967 (1944): "It may well be that the weight of the evidence would be found on a trial to be with defendant. But it [the trial court] may not withdraw these witnesses from cross-examination, the best method yet devised for testing trustworthiness of testimony. And their credibility and the weight to be given to their opinions is to be determined after trial, in the regular manner."

Our court considered the criteria to be employed in resolving the questions relating to granting summary judgment, and thereby precluding a party from the right to a trial, in *Devex Corporation v. Houdaille Industries, Inc.*, 7 Cir., 382 F.2d 17, 21 (1967). There we held that it was not "within our province to make a determination on factual issues." The late Senior Circuit Judge Major, writing for the court, cited *Poller v. Columbia*

*Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962), wherein the Court reiterated the rules as delineated in *Diebold, supra*, and *Sartor, supra*. He also emphasized that caution is to be exercised in granting summary judgment, citing, *inter alia, American Securit Co. v. Hamilton Glass Co.*, 7 Cir., 254 F.2d 889, 892 (1958).[3]

In *Carter v. Williams*, 7 Cir., 361 F.2d 189, 193 (1966), we recognized the law of the circuit as expressed in *Moutoux v. Gulling Auto Electric, Inc.*, 7 Cir., 295 F.2d 573, 576 (1961), to be controlling, where we said: "If, upon the proofs adduced in support of a motion for summary judgment, any doubt remains as to the existence of a genuine issue of material fact, such doubt must be resolved against the movant for summary judgment and the motion for summary judgment must be denied. (Citing cases.)"[4] In a securities fraud case, we have held that "[a] complaint when tested by summary procedures must be given the benefit of every possible implication." *Schaefer v. First National Bank of Lincolnwood*, 7 Cir., 509 F.2d 1287, 1297 (1975).

■ It appears that the question of motivation or intent of the parties is critical to the determination of whether the individual plaintiffs or Staren and Company were the purchasers of the Thorne United securities in question. What did they actually intend to to? We have held that the questions of motivation or intent are particularly inappropriate for summary judgment. In *Conrad v. Delta Air Lines, Inc.*, 7 Cir., 494 F.2d 914, 918 (1974), Judge Fairchild wrote: "Summary judgment is appropriate only where 'there is no genuine issue as to any material fact.' F.R.Civ.P., Rule 56(c). Cases in which the underlying issue is one of motivation, intent, or

---

**2.** *See Technograph Printed Circuits, Ltd. v. Methode Electronics, Inc.*, 7 Cir., 356 F.2d 442, 446–447, *cert. denied*, 384 U.S. 950 and 1002, 86 S.Ct. 1570, 16 L.Ed.2d 547 (1966).

**3.** *See International Ass'n of Machinists and Aerospace Workers, Dist. No. 8 v. J. L. Clark Co.*, 7 Cir., 471 F.2d 694, 697 (1972).

**4.** *See Condon v. Richardson*, 7 Cir., 411 F.2d 489, 493 (1969).

some other subjective fact are particularly inappropriate for summary judgment, as are those in which the issues turn on the credibility of the affiants. See Moore's Federal Practice ¶ 56.17[41-1]."

Our court's recent *per curiam* decision (in which Mr. Circuit Justice Stevens joined) in *Fitzsimmons v. Best,* considered jointly with *Fitzsimmons v. Jersey State Bank,* 7 Cir., 528 F.2d 692, 694 (1976), approved *Conrad,* saying: "What we have here, however, is a contract the meaning of which must be drawn from various letters, reports of conversations, and actions by the parties, all considered in the light of the circumstances surrounding the parties' actions. The interpretation of a contract, the terms of which are disputed, is very much a matter of the intent of the parties who entered into that contract. Questions of intent are particularly inappropriate for summary judgment. [Citing *Conrad,* 494 F.2d at 918.]"

It becomes obvious that the proof of such intent in the instant case will require evidence at a trial by a court or jury, wherein these subjective facts may be exposed to development by live witnesses with proper cross-examination. This is not possible on the bare record in this case.

■ Agreeable with the foregoing criteria applicable to F.R.Civ.P., Rule 56(c), we cannot conclude, without a substantial doubt, that no genuine issue of material fact remains to be tried. This doubt must be resolved against the movant. We hold that the key issue of who was the purchaser of the securities must be determined in light of the intent of the parties and that this question can only be answered by a trial. Accordingly, on this issue the trial court erred in granting summary judgment. This judgment must be reversed and the case remanded for trial.

### III.

In light of our reversal of the summary judgment and remand for trial, this appeal is not ripe for consideration of the questions relating to the alleged violations of the several securities laws. These questions must be determined by the trial court after the remand. We do not reach them here.

### IV.

We next consider the decision of the district court dismissing plaintiffs' amended complaint. Plaintiffs requested and were routinely granted leave to file an amended complaint *adding* Staren and Company, Inc., as a party plaintiff. In fact, however, plaintiffs filed an amended complaint by *substituting* Staren and Company, Inc., as the party plaintiff in lieu of the individual plaintiffs, without further changing the parties defendant or the pleading as originally filed. The district court subsequently reconsidered this "routine" ruling after American moved to reconsider and to vacate the order or in the alternative to dismiss the amended complaint.

In a memorandum of decision the district court found that (1) the securities in question were purchased on March 23, 1970; (2) the longest available statute of limitations barred the action on March 24, 1973;[5] (3) American's motion for summary judgment against the original plaintiffs was filed October 17, 1973, and was granted March 22, 1974; (4) plaintiffs filed the subject amended complaint April 23, 1974; (5) Staren and Company, Inc., was the sole plaintiff in the amended complaint; (6) in effect, the substituted corporation was a separate and distinct entity, the original complaint having been disposed of by a final order of summary judgment; (7) the amended complaint did not "relate back" to the claim of the individual plaintiffs but is a new cause of action on the corporation's own behalf. The court cited as controlling authority on defendants' pending motion *Simmons v. Fenton,* 7 Cir., 480 F.2d 133 (1973), and also *Aarhus Oliefabrik, A/S v. A. O. Smith Corporation,* E.D.Wis., 22 F.R.D. 33, 36 (1958). The court dismissed the amended complaint

---

5. Citing *Parrent v. Midwest Rug Mills, Inc.,* 7 Cir., 455 F.2d 123 (1972).

on the ground that it was barred by the statute of limitations. Defendants also here rely on *Simmons* and *Aarhus Oliefabrik*.

The relevant part of F.R.Civ.P., Rule 15(c) concerns the question of the "relation back" of amended pleadings and is set out in the margin herein.[6]

It is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems. To this end, amendments pursuant to Rule 15(c) should be freely allowed.[7] Further, the cases clearly state that *notice* is the critical element involved in Rule 15(c) determinations. *DeFranco v. United States*, S.D.Cal., 18 F.R.D. 156, 161 (1955); *Williams v. United States*, 5 Cir., 405 F.2d 234, 238–239 (1968); 3 J. Moore, Federal Practice ¶ 15.15(3), at 1025 (2d ed. 1974).

When Staren and Company, Inc., was substituted as plaintiff in the amended complaint, the district court and defendants contended that this corporate plaintiff constituted a complete separate entity from the individual plaintiffs and its claim did not relate back, but rather it stated an entirely new cause of action. This contention misses the point and is not necessarily so. The emphasis is to be placed on the determination of whether the amended complaint arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading. The substitution of such parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based. The courts have freely upheld the filing of an amended complaint under these circumstances.[8]

Finally, the substituted corporate plaintiff had such an identity of interest with the individual plaintiffs that the original complaint served to notify defendant American of the actual claim being asserted against it, with no resulting prejudice to its interests. To quote from Professor Moore again, new parties may be added (or substituted) in an action "when the new and old parties have such an identity of interest that it can be assumed, or proved, that relation back is not prejudicial." 3 J. Moore, *supra*, ¶ 15.15 (4.–1), at 1043–1045; *Brauer v. Republic Steel Corporation*, 10 Cir., 460 F.2d 801, 804 (1972); *Metropolitan Paving*, 439 F.2d at 306.

The district court's reliance on our holding in *Simmons v. Fenton, supra*, as governing the instant case is misplaced. That case is distinguishable on the facts. There an action for personal injuries arising out of a three-car automobile collision was filed in a federal district court in Illinois on August 28,

---

6. F.R.Civ.P., Rule 15(c):

   (c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

7. In *DeFranco v. United States*, S.D.Cal., 18 F.R.D. 156, 159 (1955), the then District Judge James M. Carter, now Senior Circuit Judge, gave special emphasis to this standard of liberality of amendments to pleadings. *See also Williams v. United States*, 5 Cir., 405 F.2d 234, 236 (1968).

8. *Williams*, 405 F.2d at 237–239; *DeFranco*, 18 F.R.D. at 161–162; *Link Aviation, Inc. v. Downs*, 117 U.S.App.D.C. 40, 325 F.2d 613, 615 (1963); *Metropolitan Paving Co. v. International Union of Operating Engineers*, 10 Cir., 439 F.2d 300, 306, *cert. denied*, 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971).

1970, the last day of a two-year statute of limitations. About three weeks later, service was made on the named defendant who was in reality the 12-year-old daughter of the driver of the car. Timely answer was filed by this minor defendant denying that she was the driver of the car and denying that she was guilty of the alleged negligence. On October 12, 1971, this defendant filed a motion for summary judgment. The motion was supported by an affidavit of the named defendant's mother, Doris J. Fenton, to the effect that at the time of the collision the car was being driven by the affiant and that her daughter was in fact riding in the back seat and did not know how to drive the car and had nothing to do with its operation. Plaintiffs then countered by filing a "Motion to Correct Misnomer by Substituting Proper Christian Name" and asked leave "to file an amended complaint relating back to the original" filed on August 28, 1970, identical in every respect except to change the name from that of the daughter to that of the mother. We affirmed the district court's denial of the plaintiffs' motion to amend, on the ground that the requirement of actual notice had not been met in any event until over three weeks *after* the statute of limitations had run. There was no notice within the statutory period. In the case at bar, the defendants remained the same in both the original and amended complaints. Defendant American was informed of the specific claim based on the identical sales transaction when the original complaint was filed more than one year *before* the statute of limitations would have expired. Likewise, the *Aarhus Oliefabrik* case cited in *Simmons* is similarly inapplicable. We have considered the authorities cited by American and find them unpersuasive.

We hold that the district court abused its discretion in denying plaintiffs the right to file their proposed amended complaint. This case must be reversed on that issue and the case be remanded to the district court.

In sum, the summary judgment granted to defendants below and the judgment dismissing the amended complaint are reversed, and this case is ordered remanded for further proceedings not inconsistent with this opinion.

It appears that our Circuit Rule 23 is not applicable in this summary judgment procedure since the case has not yet been tried in the district court. However, in view of the status of this case on the fact finding issues and their probable future relationship to the forthcoming questions of securities law, it is our considered judgment that the able district judge would feel more comfortable if he were relieved of further responsibilities in this proceeding. It is, therefore, further ordered that on remand this case be reassigned by the Executive Committee of the District Court for the Northern District of Illinois to another judge who has not participated in this proceeding.

Reversed and remanded.