METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation, Plaintiff,

v.

Susan KWICINSKI and Lynn E. Niedzolkowski, Defendants.

No. 76–C–824.

United States District Court, E. D. Wisconsin.

May 16, 1979.

See also D.C., 78 F.R.D. 235.

Vaudreuil & Vaudreuil by Philip Lehner, Kenosha, Wis., for plaintiff.

Hetzel & Decker by Thomas G. Hetzel, Kenosha, Wis., for Kwicinski.

John Crosetto and Walter W. Stern, Kenosha, Wis., for Niedzolkowski.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is presently before me on the motion of one of the defendants, Lynn E. Niedzolkowski, for summary judgment. For the reasons which follow, the motion will be denied.

The plaintiff, Metropolitan Life Insurance Company, filed this interpleader action against two defendants, both of whom claimed to be the beneficiaries of two insurance policies. The plaintiff issued the two policies providing life and accidental death insurance on the life of Robert B. Kwicinski. At the time of Mr. Kwicinski's death on March 2, 1976, the policies were in full force and effect. Benefits of $9,000 and $4,000 are payable on the respective policies.

The defendant Lynn E. Niedzolkowski is the former wife of the deceased. The defendant Susan Kwicinski was Mr. Kwicinski's wife at the time of his death.

Prior to his death, Robert Kwicinski was an employee of the Anaconda Company. The policies in question were issued to Mr. Kwicinski by Metropolitan Life as part of a group life and group accident and health insurance program available to Anaconda employees. The group policies were initially effective on June 27, 1961. On June 21, 1962, Metropolitan Life also issued an individual life insurance policy to Mr. Kwicinski, but the latter policy is not part of the instant dispute.

Ms. Niedzolkowski and Mr. Kwicinski were divorced on April 16, 1971. Prior to the divorce, Mr. Kwicinski had made Ms. Niedzolkowski the beneficiary of the two insurance policies at bar. Paragraph (4) of the judgment of divorce stated:

"The defendant [Mr. Kwicinski] shall be awarded . . . the policy of insurance issued on his life by Metropolitan Life Insurance Company . . . ."

It is not clear on the present record to which life insurance policy the court was referring in its divorce judgment.

Mr. Kwicinski and Ms. Susan Kwicinski were married on June 22, 1974. While Mr.

Kwicinski never filled out the forms which Metropolitan Life required for changing the beneficiary of the group insurance policies in question, there are several indications that he contemplated changing the beneficiary. He apparently made some inquiries at Anaconda as to how he could change the beneficiaries of his insurance policies. More importantly, someone altered Mr. Kwicinski's group insurance enrollment and record card by crossing out the name "Lynn E. Kwicinski" and replacing it with the name "Susan Kwicinski" as the beneficiary of the death benefits shown on the face of the card. The card apparently was held during the effective period of the policies by the insurance consultant at Anaconda.

On the basis of this record, Ms. Niedzolkowski claims that she is entitled to the proceeds of the two insurance policies. Her claim rests primarily on the fact that despite the time which passed between her divorce from Mr. Kwicinski in 1971 and his death in 1976, Mr. Kwicinski never took the steps prescribed by Metropolitan Life to change beneficiaries.

Ms. Niedzolkowski's claims must be viewed in light of the relevant Wisconsin statute governing changes of beneficiaries. In 1975, the legislature enacted § 632.48, Wis.Stats., which states that "as between the beneficiaries, any act that unequivocally indicates an intention to make the change is sufficient to protect it." I have found no reported case interpreting this statute, and the case law developed prior to the statute's passage is of questionable value in view of the committee comment accompanying the statute which states:

"It is not intended to declare Wisconsin common law but to state a new point of departure for case law."

It is clear from the face of the statute that the focus of this court's inquiry must be on whether Mr. Kwicinski did any act that "unequivocally indicates" that he wanted to change beneficiaries. In my judgment, with regard to this inquiry the present record is insufficient to grant Ms. Niedzolkowski's motion for summary judgment.

Rule 56, Federal Rules of Civil Procedure, provides that summary judgment may only be granted where there is no dispute as to material facts and the movant is entitled to judgment as a matter of law. The court of appeals for this circuit has consistently held "that the questions of motivation or intent are particularly inappropriate for summary judgment." *Staren v. American National Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1261 (7th Cir. 1976).

On the present motion, Mr. Kwicinski's intention as to the beneficiaries of his life insurance policies is the focus of this court's inquiry. There are facts in dispute as to what those intentions were. In particular, it is not clear who altered his group insurance enrollment and record card. If Mr. Kwicinski altered it or ordered it to be altered, such an act might, depending on other circumstances, constitute an act reflective of his intention to change beneficiaries. Since there are facts in dispute regarding Mr. Kwicinski's intentions, summary judgment is not appropriate.

Therefore, IT IS ORDERED that the motion of Lynn E. Niedzolkowski for summary judgment be and hereby is denied.