**Mark W. WILKE, Plaintiff,**

v.

**BOB'S ROUTE 53 SHELL STATION and Northern Service Centers, Inc., Defendants.**

**No. 97 C 5787.**

United States District Court, N.D. Illinois, Eastern Division.

March 12, 1999.

Malik R. Diab, Lovell, White & Durrant, Chicago, IL, for Mark W. Wilke.

Mark W. Wilke, Bolingbrook, IL, pro se.

John Vernon Schrock, Phelan, Egan & Nolan, Joliet, IL, for Northern Service Centers, Inc.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Mark W. Wilke filed this lawsuit claiming that Robert W. Georgantas, Jr., the president of Bob's Route 53 Shell Station ("Bob's") and Northern Service Centers, Inc. ("Northern"), fired him because of a perceived disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Northern has filed a motion to dismiss on the grounds that Wilke failed to file an Equal Employment Opportunity Commission charge within 180 days of his discharge, never named Northern as an offender in the EEOC charge, and did not file a complaint against Northern within 90 days of receiving his right-to-sue letter. For the reasons set forth in this opinion, we deny Northern's motion to dismiss.

### FACTS

Georgantas hired Wilke to work as a cashier at Bob's on March 13, 1996.[1] A short time later Wilke was in an accident; he fractured his clavicle and damaged a nerve in his shoulder. During the following months he required extensive medical care for his injuries. On October 8, 1996, Wilke was fired. He claims Georgantas perceived him as disabled and fired him for that reason, even though Wilke was performing his duties satisfactorily.

Wilke filed a charge of disability discrimination against Bob's with the EEOC and the Illinois Department of Human Rights on May 20, 1997. The EEOC issued a right-to-sue letter on May 28, and Wilke filed a pro se complaint on August 15, 1997, naming Georgantas as the only defendant. This Court appointed counsel to represent Wilke and permitted counsel to amend the original complaint. However, counsel withdrew without taking any action on the case, as did the next court-appointed attorney. Thus, an amended complaint against Bob's and Northern was not filed until September 16, 1998.

Northern seeks release from this lawsuit on three grounds. First, it claims that Wilke violated the 180-day statute of limitation for filing a charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1). Second, it argues that Northern is not a proper party because Wilke did not name Northern in his EEOC charge. Finally, Northern asserts that Wilke did not file a complaint against it within 90 days of receiving his right-to-sue letter as required under 42 U.S.C. § 2000e-5(f)(1).

### LEGAL STANDARDS

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) should be granted when the complaint fails to state a claim that entitles the plaintiff to relief. *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir.1989). In reviewing the motion, we must accept as true the factual allegations of the complaint and draw all reasonable inferences in the plaintiff's favor. *Lashbrook v. Oerkfitz*, 65 F.3d 1339, 1343 (7th Cir.1995). The complaint should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

---

1. The complaint alleges that Bob's is a wholly owned subsidiary of Northern, and that Georgantas is the president of both entities.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint must allege facts that sufficiently set forth the essential elements of the cause of action to withstand a motion to dismiss. *Gray v. County of Dane,* 854 F.2d 179, 182 (7th Cir. 1988).

## ANALYSIS

### I. Timely Filing with EEOC

■ We first address Northern's argument that Wilke's filing of the charge with the EEOC was untimely because he filed the charge more than 180 days after he was fired. A plaintiff's right to sue in federal court for employment discrimination under Title VII is dependent on filing a timely charge of discrimination with the EEOC. 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); 29 U.S.C. § 626(d). Title VII provides a 180–day limitations period; because the ADA adopts the enforcement procedures governing Title VII actions, this limitations period governs ADA claims as well. *Fairchild v. Forma Scientific, Inc.,* 147 F.3d 567, 574 (7th Cir.1998). This time period, however, is extended to 300 days in deferral states. *Gilardi v. Schroeder,* 833 F.2d 1226, 1230 (7th Cir.1987). Because Illinois is a deferral state, *id.,* Wilke was required to file his EEOC charge within 300 days of the alleged discrimination.

■ In this case, the filing period began to run on October 8, 1996, the date of Wilke's discharge. Thus Wilke was required to file his EEOC charge by August 4, 1997. Wilke filed his charge on May 20, 1997, well within the statutory period. Therefore, Wilke's EEOC discrimination charge was timely.

### II. Northern not named in EEOC charge

■ Northern next argues that because it was not named as a respondent in Wilke's EEOC charge, it must be dismissed from this action. The general rule is that a party not named in an EEOC charge may not be sued under Title VII. 42 U.S.C. § 2000e–5;

*Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 126 (7th Cir.1989). However, this rule is subject to exceptions designed to avoid unduly harsh results when, as here, a layperson prepares the charge. *Feng v. Sandrik,* 636 F.Supp. 77, 81 (N.D.Ill.1986). The Seventh Circuit delineated one such exception in *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890 (7th Cir.1981). The *Eggleston* exception applies when the unnamed party was (1) provided with adequate notice of the charge, and (2) had the opportunity to participate in conciliation proceedings aimed at voluntary compliance. *Id.* at 905; *see also Schnellbaecher,* 887 F.2d at 126.

■ The first prong of the exception, notice, is met: Northern was sufficiently apprised of the charge to meet the notice requirement. Specifically, the EEOC charge named Bob's and complained of the discriminatory discharge decision made by Georgantas, the president of both Bob's and Northern. Because Georgantas received a copy of the charge, Northern received adequate notice. *See Mihalik v. Illinois Trade Assoc.,* 1994 WL 66915, at *2 (N.D.Ill. Feb.25, 1994) (where the same person served as company vice-president of the named and unnamed parties, the unnamed party has sufficient notice); *see also Eggleston,* 657 F.2d at 906 (where 5 of the 10 board members were simultaneously serving on the boards of the named and unnamed parties, there was sufficient "similarity of interest" to establish notice).

The second prong of the *Eggleston* exception, opportunity to conciliate, is also satisfied. Northern was presented with sufficient opportunity to conciliate. Any opportunity to effect voluntary compliance by Bob's would have necessarily involved contact with Georgantas. Since Georgantas is the president of Northern, Northern had a sufficient opportunity to conciliate. Northern could have attempted to resolve the alleged discrimination in an amicable way.[2] Northern

---

2. Although *Eggleston* ruled on the basis of the 2–prong test discussed in the text, that court also applied the Third Circuit's four-factor *Glus* test. *Eggleston,* 657 F.2d at 907–08, *citing Glus v. G.C. Murphy Co.,* 629 F.2d 248, 251 (3rd Cir.1980),

*vacated on other grounds,* 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 (1981).

The Third Circuit evaluates the following four factors in determining whether a federal suit

received proper notice and was provided with the requisite opportunity for conciliation. For these reasons Northern is properly named in Wilke's amended complaint.

## III. Relation Back of Amended Complaint

Finally, Northern urges dismissal on the ground that Wilke did not file a complaint against it within 90 days as required under 42 U.S.C. § 2000e–5(f)(1). Wilke filed a timely pro se complaint against Georgantas on August 15, 1997; we later granted leave to amend the complaint to name Bob's and Northern. Wilke filed an amended complaint on September 16, 1998. Wilke argues that his amended complaint naming Northern and Bob's as defendants relates back to the original timely complaint against Georgantas. For the reasons discussed below, we find that the amended complaint relates back under Federal Rule of Civil Procedure 15(c)(3). Additionally, we extend the time for service of the complaint and summons pursuant to Federal Rule of Civil Procedure 4(m).

When an amendment to a pleading changes the "naming of the party against whom a claim is asserted," Federal Rule of Civil Procedure 15(c)(3) applies. The Seventh Circuit instructs that " 'that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits. . . . To this end, amendments pursuant to Rule 15(c) should be freely allowed.' " *Hill v. Shelander*, 924 F.2d 1370, 1375–76 (7th

Cir.1991) (quoting *Staren v. American Nat'l Bank & Trust Co.*, 529 F.2d 1257 (7th Cir. 1976) (citation omitted)).

Rule 15(c)(3) has three requirements. First, the claim asserted in the amended pleading must arise out of the same conduct, transaction, or occurrence set forth in the original pleading. Second, the party to be brought in by the amended pleading must have received notice of the "institution of the action that the party will not be prejudiced in maintaining a defense on the merits." *Id.* Third, the newly named party must have "known or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against" it. *Id.* The second and third requirements must be satisfied during the time provided for by Federal Rule of Civil Procedure 4(m). *Id.* We find that each of these requirements is satisfied.

■ The first requirement of Rule 15(c)(3) is satisfied because Wilke alleged the same facts in both the original and amended complaints. As to the second and third requirements, Wilke served the complaint on Northern and Bob's on September 16, 1998. Thus, Northern received notice of the institution of the action. Northern does not contend that it will be prejudiced in maintaining a defense on the merits against Wilke. In fact, Northern does not supply a single reason why Wilke's amended complaint should not relate back under Rule 15. In addition, Northern should have known that if not for Wilke's mistake it would have been named as a de-

---

may be maintained when a plaintiff fails to name a defendant in an EEOC charge:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint.
> (2) whether, under the circumstances, the interests of a named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings.
> (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party.
> (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.*

As to the first prong, it is reasonable that Wilke, unrepresented by counsel at the time of filing the EEOC charge, was unaware that Bob's was Northern's subsidiary. Further, the actions complained of were performed by Georgantas, who is president of both companies; thus, both the named and unnamed parties had identical interests in conciliation and compliance. As to the third prong, Northern has not shown any prejudice to its interests and none is apparent to us. Finally, the fourth factor is satisfied because Bob's, the named party, is the employer of Wilke. Thus, Wilke's relationship with Northern is through his employment at Bob's. This four-factor analysis confirms our conclusion that allowing Wilke to add Northern as a defendant is appropriate.

fendant in the original complaint because Wilke named Bob's in the EEOC charge.

In *Maxey v. Thompson,* the Seventh Circuit held that a defendant named in an EEOC charge had notice as required by Rule 15 even if that defendant was not named in the initial complaint. 680 F.2d 524, 526 (1982). In *Maxey,* the plaintiffs EEOC charge named only the Illinois Department of Revenue, but the plaintiff failed to name the Department in his original complaint. *Id.* In holding that the plaintiff's amended complaint naming the Department related back, the Seventh Circuit reasoned that the Department was put on notice that it might be sued by the charge filed with the EEOC and, therefore, it "should have known that but for the plaintiff's mistake the action would have been brought against it." *Id.*

In this case, Wilke's EEOC charge names Bob's, a wholly owned subsidiary of Northern. Under *Maxey,* Northern (via Bob's) was put on notice that it might be sued and it should have known that but for a mistake the action would have been brought against it. *See also Graham v. Gendex Medical X–Ray, Inc.,* 176 F.R.D. 288 (N.D.Ill.1997). Thus, we find that Northern had notice of the action and should have known that but for Wilke's mistake it would have been named in the original complaint. The remaining issue is whether Rule 15(c)(3)'s second and third requirements were satisfied during the time provided for under Rule 4(m).

 Rule 4(m) provides a plaintiff 120 days to serve the defendant after the filing of the complaint. A court may dismiss the action on its own motion at the end of 120 days if service has not been made. However, Rule 4(m) requires a court to extend the time for service if good cause is shown. *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340–41 (7th Cir.1996) ("[W]here good cause is shown, the court has no choice but to extend the time for service."). The granting of an amendment that relates back under Rule 15(c)(3) constitutes good cause for extending the time for service under Rule 4(m). *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 560 (7th Cir.1996). Because we hold that the amended complaint relates back, good cause exists and we must extend the 4(m) period.

Even if good cause were not established, we hold a permissive extension of time is warranted. Rule 4(m) authorizes a court to extend the time for service of the summons and complaint at its discretion. *See Panaras,* 94 F.3d at 340–41 (holding that Rule 4(m) accords courts the discretion to extend the time for service even in the absence of good cause shown). The Advisory Committee Notes to Rule 4(m) provide guidance as to when a permissive extension of time is appropriate: "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *See* Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments.

 We find a permissive extension of time is warranted because court-appointed counsel for Wilke, a pro se litigant, withdrew without conducting any work on Wilke's case. In fact, two court-appointed attorneys withdrew before an amended complaint was filed in this case. By the time an amended complaint was filed, the 90–day statute of limitations had run on Wilke's claim against Bob's and Northern. We will not visit the sins of court-appointed counsel on the plaintiff, especially where the defendant has not argued any prejudice resulting from the delayed service. For these reasons, we extend the time for service under Rule 4(m). Because we extend the time provided for service under rule 4(m), we find that the requirements of Rule 15(c)(3) are satisfied within the appropriate time frame and Wilke's amended complaint relates back.

## CONCLUSION

For the foregoing reasons, Northern's motion to dismiss is denied.