**Jose G. ESPINOZA, and Minnie T. Espinoza, Plaintiffs,**

**and**

**Michael Blanchard, Individually and as Administrator of the Estate of Ross Allen Blanchard, and the Administrator of the Estate of Rene Marie Blanchard, Plaintiff,**

**v.**

**ELI LILLY & COMPANY, Defendant.**

**Nos. 2:99–CV–393, 2:99–CV–256.**

United States District Court, D. Vermont.

July 25, 2000.

Arthur P. Anderson, Anderson & Buran, P.C., Burlington, VT, for Michael L. Blanchard.

Michael Frederick Hanley, Plante, Hanley & Brannen, White River Junction, VT, Arnold A. Vickery, Paul F. Waldner, Richard W. Ewing, Vickery & Waldner, Houston, TX, for Jose G. Espinoza, Minnie T. Espinoza.

Robert B. Hemley, Gravel and Shea, Burlington, VT, Michelle R. Mangrum, Erik M. Anielak, Andrew See, Margann M. Bennett, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, Stephen E. Scheve, Shook Hardy and Bacon, Houston, TX, Paul D. Snyder, Polsinelli, White, Vardman & Shalton, Kansas City, MO, for Eli Lilly & Company.

### OPINION AND ORDER

SESSIONS, District Judge.

This is a wrongful death action brought by Jose and Minnie Espinoza ("the Espinozas") against Eli Lilly & Company ("Lilly"), the manufacturers of the prescription antidepressant Prozac. The case was consolidated with a suit by Michael Blanchard ("Blanchard") against Eli Lilly arising out of the same set of facts on the basis of inconvenient forum. Eli Lilly has filed a Motion for Summary Judgment (paper 32), claiming that the Espinozas lack standing to sue. The Espinozas seek to amend their pleadings (paper 42) to include Jose Espinoza in his capacity as the personal representative of Vera Espinoza's estate. For the reasons that follow, Defendant's motion for Summary Judgment (paper 32) is DENIED and Plaintiffs Motion to Amend (paper 43) is GRANTED.

### I.  Factual Background

On September 7, 1997,[1] in Randolph, Vermont, Elvira S. Espinoza ("Vera," "Ms. Espinoza") shot and killed both of her children and then herself. At the time of the murder-suicide, she was being treated

---

1. Plaintiff's original complaint and some subsequent pleadings state that Ms. Espinoza's suicide occurred on September 3, 1997 rather than September 7. Correspondence from the Espinoza's attorney to Blanchard states that the suicide occurred on September 7. Lilly has consistently referred to the date of Ms. Espinoza's death as September 7. For purposes of this opinion then, the September 7, 1997 date will be considered to be accurate.

for depression in Vermont with Lilly's antidepressant fluoxetine, commonly known as Prozac. Her treating physician was located in Vermont. Lilly is an Indiana corporation.

On September 7, 1999, Ms. Espinoza's parents filed suit against Lilly in their home town of Corpus Christi, Texas, under the Texas Wrongful Death Act, Tex. Civ. Pract. & Rem.Code § 71.001, et seq. The act, as amended in 1975, specifically confers a cause of action for a wrongful death occurring in another state. § 71.031. In their complaint, the Espinozas claim that Ms. Espinoza's ingestion of Prozac caused her to commit suicide. Plaintiffs seek wrongful death damages, claiming that Lilly is strictly liable for alleged design defects, marketing defects and/or representations, and that Lilly's alleged conduct was negligent.

The Estate of Elvira S. Espinoza was opened in the Vermont Probate Court, District of Orange, on September 3, 1999 as docket number # OeP2662–99EI. Michael Blanchard, Ms. Espinoza's ex-husband, was appointed administrator of the estate. Although Blanchard sought appointment as the personal representative of Vera Espinoza's estate, he was not her next of kin at the time of her death, as Blanchard and Espinoza were divorced. With Blanchard's consent, the Orange Probate Court substituted Jose Espinoza as the personal representative of his daughter's estate on April 19, 2000.

## II. Standards

Summary Judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c); *Alexander & Alexander Services, Inc. v. These Certain Underwriters at Lloyd's, London, England,* 136 F.3d 82, 86 (2d Cir.1998) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The movant bears the burden of showing that no genuine issue of material fact exists. *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223 (2d. Cir.1994) (citing *Heyman v.*

*Commerce & Indus. Ins. Co.,* 524 F.2d 1317, 1320 (2d Cir.1975)). All ambiguities must be resolved and all inferences from the facts drawn in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In sum, "[t]he court must draw all reasonable inference in favor of the non-moving party and only grant summary judgment for the moving party if no reasonable trier of fact could find in favor of the non-moving party." *Vermont Gas Systems, Inc. v. United States Fid. & Guar. Co.,* 805 F.Supp. 227, 231 (D.Vt.1992) *citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, "conclusions of law or unwarranted deductions of fact are not admitted." *First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 771 (2d Cir.1994).

Jurisdiction of this matter is based on diversity, 28 U.S.C. § 1332(a)(1). The Court applies Vermont law to the substantive issues. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). As some of the matters before the Court have not yet been addressed by the Vermont Supreme Court, this Court must determine the issues as it believes that body would determine them. *See Mainline Tractor & Equip. Co. v. Nutrite Corp.,* 937 F.Supp. 1095, 1101 (D.Vt.1996); *Paquette v. Deere and Co.,* 168 Vt. 258, 719 A.2d 410, 413 (1998).

## III. Discussion

The Espinozas filed their cause of action under the Texas Wrongful Death Act. Under the Act, an action for wrongful death need not be brought by the administrator of the decedent's estate. Rather, it can be brought by any member of the class of people who ultimately benefit. Tex. Civ. Pract. & Rem.Code § 71.004. The Texas Act specifically extends the statutory cause of action to deaths occurring outside the state of Texas. Id. at § 71.031; *Pittsburgh Corning Corp. v. Walters,* 1 S.W.3d 759, 767 (Tex.App.Corpus Christi, 1999)

("Clearly, a Texas resident may bring suit in this state for a death occurring elsewhere").

■ The Texas Wrongful Death Act also specifies that when a death resulted from an act occurring in another state, the substantive law of the state with the most significant relationship to the occurrence applies. *See* Tex. Civ. Prac. & Rem.Code § 71.031(c); *Gutierrez v. Collins,* 583 S.W.2d 312, 319 (Tex.1979). *Gutierrez* applies the "most significant relations" test in the Restatement (Second) of Conflicts § 145, which considers a) the place where the injury occurred, b) the place where the conduct causing the injury occurred, c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and d) the place where the relationship, if any, between the parties is centered. Vermont clearly holds the most significant relationship to the death of Vera Espinoza, as it is the state in which she resided, was treated for depression, was prescribed and ingested the Prozac which allegedly caused her suicide, and killed her children and herself. Thus, the substantive law of Vermont applies in this case.

■ The Vermont Wrongful Death Act provides that actions for wrongful death "shall be brought in the name of the personal representative of such deceased person." 14 V.S.A. § 1492(a). The action must be brought within two years of the decedent's death. *Id.* A beneficiary of the estate does not have standing to bring suit under the statute. *Leo v. Hillman,* 164 Vt. 94, 665 A.2d 572 (1996).

As the personal representative of her estate during the two year statute of limitations Michael Blanchard never filed a wrongful death action regarding Vera's death.[2] The Espinozas did file a wrongful death action under the Texas Wrongful Death statute within the two year statute of limitations. Since Blanchard was no longer Vera's next of kin when she committed suicide, the position of personal representative was transferred to Vera's father in April 2000.

■ Plaintiff Espinoza now seeks to amend their complaint to include Mr. Espinoza in his capacity as the personal representative of the estate. To save the case from dismissal on statute of limitations grounds, the Espinozas argue that the Amended Complaint should relate back to the time of the original filing in this case. Under Fed.R.Civ.P. 15, a motion to amend "shall be freely given when justice so requires." Section 15(c) addresses the issue of statute of limitations by allowing the "relation back" in time when a new party is added. The Second Circuit has held that "[t]he substitution of [plaintiffs] after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based. The courts have freely upheld the filing of an amended complaint under these circumstances." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 19 (2d Cir. 1997) (quoting *Staren v. American National Bank & Trust Co.,* 529 F.2d 1257, 1263 (7th Cir.1976)).

Defendant argues that *Waldron v. Middlebury College,* 1:99–CV–102 (D.Vt.1999) requires summary judgment in their favor on this matter. As the factual background of the two cases are easily distinguished, Defendant's reliance on *Waldron* is misplaced. In *Waldron,* a wrongful death action was filed by Waldron, the father of the decedent, within the two year statute of limitations. Notwithstanding Waldron's representations in his pleadings that he was the personal representative of his son's estate, he was well aware that he had

---

2. Blanchard did file a *pro se* wrongful death suit against Eli Lilly for the death of his children, in which he attached a copy of the Espinozas complaint filed in Corpus Christi. Blanchard adopted the allegations in that filing in his pro se complaint. His amended complaint, which he filed after retaining counsel, did not make reference to the Espinoza's suit.

never been appointed as such. This Court dismissed Waldron's action, citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) for the proposition that "[r]elation back may be denied where the movant displays 'bad faith or dilatory motive.'" *Waldron* at 9. The Court went on to describe the factual background of that situation, finding that

> "[Waldron] refused to seek appointment in that capacity because his ex-wife, [decedent's] mother, would have to be contacted. [ . . . ] Robert Waldron consciously chose to bring the wrongful death claim with the knowledge that he did not have, nor did he intend to have, the capacity to file suit. [ . . . ] Under these circumstances, relation back to permit the substitution of a new plaintiff would be contrary to the intent of Rule 15."

*Id.* at 10.

Mr. Espinoza's failure to become the personal representative of his daughter's estate prior to the filing of the lawsuit is not analogous to Waldron's. Mr. Espinoza's son spoke with his father about becoming the executor of Vera's estate, but it is unclear whether Mr. Espinoza's attorney ever suggested that Mr. Espinoza do this within the statute of limitations. *See Oral Deposition of Jose G. Espinoza,* May 31, 2000. Mr. Espinoza was not avoiding being appointed personal representative to maintain the secrecy of the lawsuit. Rather, his attorney contacted Blanchard about the case and suggested he retain counsel to preserve his interests in the matter. Blanchard subsequently was appointed administrator, although he was neither decedent's widower nor her next of kin. Blanchard then agreed to relinquish his position as personal administrator of the decedent's estate in favor of Vera's father.

Furthermore, this Court has not always denied relation back when a plaintiff in a wrongful death action sought to amend after the statute of limitations to include the administrator of the decedent's estate as a plaintiff. In *Hayes v. Brattleboro Retreat,* No. 1:98–CV–307 (D.Vt.1999), this Court cited *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 609 (4th Cir.1980) and allowed plaintiffs to file an amended complaint to cure lack of capacity to sue after the statute of limitations had run for filing a wrongful death action. In *Davis,* plaintiff, as executor by Alabama appointment of an Alabama decedent's estate, timely filed a complaint in U.S. District Court in North Carolina, but did not seek to amend his complaint to state his capacity as administrator by North Carolina appointment until after the statute of limitations had run. The *Davis* court held that "[d]elay alone, however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial" of leave to amend after the statute of limitations had run.

The present case offers a similar scenario. The Espinozas filed on a timely basis in District Court in Texas. The matter was then transferred to Vermont as the most convenient forum. The Espinozas, however, were not entitled to sue in Vermont as neither was the personal administrator of their daughter's estate. Blanchard was initially appointed administrator of Vera's estate, although he was neither her husband nor her next of kin. He subsequently relinquished that title in favor of Jose Espinoza after the statute of limitations had run. Espinoza now seeks to amend to include himself in his capacity as personal administrator of his daughter's estate. Mr. Espinoza did not engage in bad faith in his effort to become administrator.

Lilly has been on notice of this suit through the Espinozas' filings in Texas, as well as through Blanchard's filings in Vermont. Thus, no showing of prejudice to the defendant, nor of intentional dilatory practices on the part of the Espinozas for personal or tactical reasons has been made in this case. Therefore, summary judgment in favor of Defendant is inappropriate in this case, and Plaintiffs are granted leave to amend.

## IV. Order

For the reasons stated above, Defendant's Motion for Summary Judgment (paper 32) is hereby DENIED and Plaintiffs Motion to Amend (paper 42) is GRANTED.