680 F.2d 524
 29 Fair Empl.Prac.Cas. 234,
29 Empl. Prac. Dec. P 32,823
Ernest T. MAXEY, Plaintiff-Appellant,
v.
James R. THOMPSON, as Governor of the State of Illinois, J.
Thomas Johnson, as Successor Director of the Department of
Revenue, State of Illinois, and William Boys, as Director,
Dept. of Personnel, State of Illinois, Defendants-Appellees.
 No. 81-2917.
 United States Court of Appeals, Seventh Circuit.
 Argued May 11, 1982.
Decided June 16, 1982.
 
 Leroy P. Vital, Chicago, Ill., for plaintiff-appellant.
 Karen Konieczny, Patricia Rosen, Deputy Attys. Gen., Chicago, Ill., for defendants-appellees.
 Before POSNER, Circuit Judge, DAVIS, Associate Judge,* and COFFEY, Circuit Judge.
 POSNER, Circuit Judge.
 
 
 1
 The plaintiff in this civil-rights suit is an employee of the Illinois Department of Revenue. The defendants are James R. Thompson, who is the governor of Illinois; J. Thomas Johnson, described in the complaint as "Successor-Director" of the Department of Revenue; and William Boys, who is the director of the Illinois Department of Personnel. The complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq.; and the Civil Rights Acts of 1870 and 1871, 42 U.S.C. §§ 1981 and 1983. A violation of the Fourteenth Amendment is also alleged, but we treat it as merged into the section 1983 allegation. This appeal is from the district court's dismissal of the complaint under Fed.R.Civ.P. 12(b)(6) (failure to state a claim upon which relief can be granted) and from the court's refusal to permit the plaintiff to amend his complaint.
 
 
 2
 The Title VII charge was dismissed because the defendants named in the complaint had not been named in the charge that the plaintiff filed with the Equal Employment Opportunity Commission. The filing of such a charge is a prerequisite to suit, see 42 U.S.C. § 2000e-5(f)(1), and the suit may be brought only against "the respondent named in the charge," id. The plaintiff's EEOC charge named only the Illinois Department of Revenue. We think the district court was correct to dismiss the Title VII charges against Thompson and Boys on this ground, but not against Johnson, the "Successor-Director" of the Department of Revenue. It is clear from this method of styling Johnson in the complaint that the plaintiff wanted to sue him in his official rather than personal capacity-wanted, in other words, to sue the Department of Revenue, as of course he could since state agencies are suable under Title VII. See 42 U.S.C. §§ 2000e(a), 2000e(h), 2000e-2(a). The Department should have been named as the defendant rather than Johnson, but we cannot see what possible prejudice could have been caused to Johnson or anyone else by the plaintiff's inartful but unmistakable effort to sue the Department. It would be different if the plaintiff were seeking relief against Johnson personally; then Johnson would have a legitimate gripe that the plaintiff's failure to name him in the EEOC charge had denied him an opportunity to head off a lawsuit by settling the charge, a process that Title VII seeks to encourage. See 42 U.S.C. § 2000e-5(f)(1). But at least so far as the Title VII charge is concerned, the plaintiff is only seeking backpay from the Department of Revenue, not damages from Johnson personally. Since the defendant that Maxey sought to add by amendment-the Department-was put on notice, by the charge the plaintiff had filed with EEOC, that it might be sued, and since it should have known that but for the plaintiff's mistake the action would have been brought against it, Rule 15(c) of the Federal Rules of Civil Procedure required that the amendment be allowed and that it relate back to the date of the original complaint, which was filed within the 90-day period that a Title VII plaintiff has to sue after receiving a "right to sue" letter from the EEOC, see 42 U.S.C. § 2000e-5(f)(1), and hence was timely. See Eggleston v. Chicago Journeymen Plumbers, etc., 657 F.2d 890, 905-08 (7th Cir. 1981).
 
 
 3
 The district court dismissed the Age Discrimination in Employment Act charge on the ground that it was barred by the applicable statute of limitations, 29 U.S.C. § 255(a). The plaintiff had filed his age discrimination claim with the U. S. Department of Labor-a statutory prerequisite to suit, see 29 U.S.C. § 626(d), similar to the requirement in Title VII of filing a charge with the EEOC-on or before November 8, 1976; but he did not file this lawsuit until November 17, 1980. (There is no counterpart under the Age Discrimination in Employment Act to Title VII's "right to sue letter" procedure.) But the plaintiff argues that the defendants are estopped to plead the statute of limitations because of representations and other conduct that he alleges misled him as to the deadline for suing. Ordinarily a determination of the truth of such allegations would be required before a complaint could be dismissed, but the district court held that since there was no suggestion that the named defendants, Thompson, Johnson, and Boys, had engaged in any of the conduct alleged to work an estoppel, the plaintiff's estoppel argument failed as a matter of law, and hence the complaint had to be dismissed as time-barred.
 
 
 4
 This reasoning is infected by the same hypertechnicality that we found in reviewing the district court's dismissal of the Title VII charges. As in the Title VII count, so in the age discrimination count, Maxey's intent was to sue the Illinois Department of Revenue; and the conduct alleged to work an estoppel is conduct of that department. The plaintiff should be allowed to amend his age discrimination charge as we have said he should be allowed to amend the Title VII charge, to substitute the Illinois Department of Revenue for the named defendants.
 
 
 5
 But with respect to the section 1981 and 1983 charges in the complaint, the plaintiff is not seeking leave to amend; he does not want to add new defendants; and we do not see how his action can be maintained against the named defendants. Not only is there no suggestion in the complaint that the plaintiff really believes that Thompson, Johnson, or Boys as individuals had anything to do with the alleged racial and age discrimination against him-a lowly employee whom none of the named defendants has, in all likelihood, ever heard of-but the plaintiff's counsel acknowledged at the oral argument of this appeal that the only relief being sought in this case is against the agencies that the named defendants head but that neither are, nor are sought to be made, defendants against the section 1981 and 1983 charges. Those charges were properly dismissed.
 
 
 6
 The order of the district court is reversed insofar as it denied leave to the plaintiff to amend the Title VII and Age Discrimination in Employment Act allegations of the complaint, and is otherwise affirmed; and the case is remanded for further proceedings consistent with this opinion.
 
 
 7
 SO ORDERED.
 
 
 
 *
 Of the United States Court of Claims