**Ray N. SHANNON, Plaintiff,**

v.

**VILLAGE OF BROADVIEW, Village of Broadview Board of Fire and Police Commissioners, Ronald Brdas, Timothy Heffernan and George Lange, Defendants.**

**No. 87 C 8163.**

United States District Court, N.D. Illinois, E.D.

April 1, 1988.

Seymour J. Layfer, Marc E. Sherwood, David R. Herzog, Layfer, Cohen, Handelsman & Mora, Ltd., Chicago, Ill., for plaintiff.

Susan L. Jantorni, John M. Sullivan, Staehlin, Jantorni & Sullivan, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

In this action, plaintiff Ray N. Shannon ("plaintiff") is suing the Village of Broadview ("Village"), Village of Broadview Board of Fire and Police Commissioners ("Board"), and Ronald Brdas ("Brdas"), Timothy Heffernan ("Heffernan") and George Lange ("Lange"), members of the Board, (collectively, "defendants"), for alleged employment discrimination in connection with the rejection of plaintiff's application to the Village of Broadview Police Department in July, 1986. Plaintiff alleges that he underwent a physical agility test administered by or at the direction of the Police Department of the Village of Broadview, and that he subsequently was notified by defendants that his application to the Department had been rejected because he had failed to pass the physical agility test. Plaintiff maintains that the reason stated for denying his application is merely a pretext, and that he was actually denied employment because he is black.

On February 12, 1987, plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a charge of employment discrimination against the Board. On June 23, 1987, the EEOC dismissed the charge and issued plaintiff a Notice of Right to Sue.

On September 21, 1987, within 90 days of his receipt of the Notice of Right to Sue, plaintiff filed this action against the Village, seeking relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq., for racial employment discrimination. The Village filed a motion to dismiss the complaint on the ground that the Board, rather than the Village, is the proper party defendant in this case. On December 4, 1987, the court granted plaintiff leave to name the Board as an additional defendant in this action.

On December 11, 1987, plaintiff filed a first amended complaint that names the present defendants and adds an additional count. Count I seeks relief pursuant to Title VII against both the Village and the Board. Count II seeks relief pursuant to 42 U.S.C. §§ 1981 and 1983 against the Village and Board members Brdas, Heffernan and Lange.

Defendants have filed a motion to dismiss plaintiff's first amended complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. For the following reasons, defendants' motion is denied.

In considering a motion to dismiss, we must take the allegations in the complaint to be true and view them, along with the reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). A complaint should be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff is unable to prove any set of facts that would entitle the plaintiff to relief. *Id.*

A. Count I: Employment Discrimination in Violation of Title VII

Count I alleges that the Village and the Board discriminated against plaintiff in vio-

lation of Title VII by rejecting his application to the Police Department because he is black. The Village contends that Count I should be dismissed because the Village was not named as a respondent in plaintiff's employment discrimination charge filed with the EEOC. Further, the Village argues that it has no authority to test or hire applicants to the police and fire departments—that such authority is vested by statute in the Board—and that the Village, therefore, cannot be liable to plaintiff as an "employer" under Title VII. The Board claims that Count I must be dismissed because the amended complaint naming the Board as a defendant in Count I was filed more than 90 days after plaintiff received his Notice of Right to Sue.

As to the Village, both parties agree that the four-pronged test set forth in *Eggleston v. Chicago Journeymen Plumbers*, 657 F.2d 890 (7th Cir.1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982), is determinative of the issue as to whether the Village may be joined as a defendant to a Title VII claim, although it was not named as a respondent in plaintiff's EEOC charge. Pursuant to *Eggleston*, the court must consider the following:

(1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint.

(2) Whether, under the circumstances, the interests of a named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings.

(3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party.

(4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

657 F.2d at 908. As the *Eggleston* court noted, no single prong is decisive, and "each prong must be carefully evaluated in light of both Title VII's remedial purposes as well as the interests of the parties." *Id.*

■ Here, the four prongs have been substantially satisfied. First, despite the separate roles of the Board and the Village in the testing and hiring of police officers, it would be unreasonable to expect that plaintiff would be cognizant of a separate legal identity between the "Village of Broadview" and the "Village of Broadview Board of Fire and Police Commissioners." As the Seventh Circuit recognized in *Eggleston*, EEOC charges are typically detailed in a layperson's terms, and, therefore, "charges are to be construed with 'utmost liberality' and parties sufficiently named or alluded to in the factual statement are to be joined." *Id.* at 906. Second, there appears to be a sufficient similarity of interests between the Board and the Village that, had it been necessary to obtain voluntary conciliation and compliance, it would have been unnecessary to include the Village, as well as the Board, in the EEOC proceedings.[1] The interests of the Village, although not identical to those of the Board, are similar enough that if an order had been entered against the Board, the Village would also have been bound. Third, the Village's interests were not prejudiced by the fact that the Village was not named in the EEOC proceeding. At the time the Board was named in plaintiff's EEOC charge, the Village, as the municipal employer, knew or should have known of the pendency of plaintiff's Title VII claim. Fourth, the Village at all times has maintained that the Board, rather than the Village, is liable for any charges arising out of the testing or hiring of applicants for the Village's police or fire departments. Accordingly, in light of the considerations enunciated by the Seventh Circuit in *Eggleston*, the Village has been properly named as a defendant to plaintiff's Title VII claim.

1. The court notes that the EEOC found no reasonable cause to substantiate plaintiff's unlawful discrimination charge and, therefore, no conciliation or compliance proceedings were held.

■ The Village's alternative argument, that it cannot be liable to plaintiff as an "employer" under Title VII, is also without merit. Notwithstanding the Board's statutory authority to test and hire applicants, the Village appropriates the funds that pay for the salaries of the police officers. As other courts have recognized, such control renders the municipality an "employer" under Title VII. *See, e.g., Curran v. Portland Superintending School Committee,* 435 F.Supp. 1063 (S.D.Me.1977); *Vanguard Justice Society, Inc. v. Hughes,* 471 F.Supp. 670, 696–97 (D.Md.1979) ("employer," as it is used in Title VII, is sufficiently broad to encompass any party who significantly affects access of any individual to employment opportunities, regardless of whether that party may technically be described as an "employer" of an aggrieved individual as that term has generally been defined at common law). Because the Village may be liable as an employer under Title VII, its motion to dismiss on this ground must be denied.

■ As to the Board, the filing of the amended complaint relates back to the filing of the original complaint. Because plaintiff filed his original complaint against the Village within 90 days of receipt of the Notice of Right to Sue, his amended complaint, naming the Board as an additional party defendant to the same Title VII claim, is deemed to have been timely filed. Rule 15(c) of the Federal Rules of Civil Procedure provides that an amended pleading that changes the party against whom a claim is asserted shall relate back to the date of the original pleading when (1) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading; (2) the party to be brought in by amendment has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) the party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The requirements of Rule 15(c) have been met in this case. Count I of the amended complaint merely names the Board as an additional defendant to the Title VII claim asserted against the Village in the original complaint and thus arises out of the same conduct, transaction or occurrence set forth in the original pleading. The Board knew or should have known of the institution of plaintiff's action because it was named in the employment discrimination charge that plaintiff filed with the EEOC. The Board will not be prejudiced in the maintenance of its defense because it is represented by the same counsel that has represented the Village from the initiation of this action. Finally, because the Board was named in the EEOC claim, it should have known that, but for a mistake in naming the proper defendant, this action would have been brought against the Board. Accordingly, the amended complaint relates back to the time of the filing of the original complaint, and the Board is a proper defendant in Count I.

B. Count II: Deprivation of Thirteenth and Fourteenth Amendment Rights in Violation of §§ 1981 and 1983

Count II charges that the Board and three of its members individually violated plaintiff's thirteenth and fourteenth amendment rights in violation of the provisions of 42 U.S.C. §§ 1981, 1983 and 1988. Specifically, plaintiff alleges that the defendants' employment practices deprived him of his rights to equal protection of the laws as guaranteed by the Fourteenth Amendment. Defendants maintain that this count must be dismissed because the claim was not filed within 90 days of the date that plaintiff received the Notice of Right to Sue, as required by Title VII.

■ Only if the right asserted was created by Title VII must it be vindicated through the procedural system set up in the Act. *Alexander v. Chicago Park District,* 773 F.2d 850, 855 (7th Cir.), *cert. denied,* 475 U.S. 1095, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986). Title VII is not the sole remedy for employment discrimination claims against a municipality. *Id.* The

Fourteenth Amendment and Title VII have granted public sector employees independent rights to be free of employment discrimination.[2] *Trigg v. Fort Wayne Community Schools*, 766 F.2d 299, 302 (7th Cir.1985). A claim of employment discrimination predicated on the Fourteenth Amendment's protection against intentional discrimination based on class membership is not limited by the administrative procedures of Title VII. *See Alexander, supra,* 773 F.2d at 856. A plaintiff may sue a state government employer for violations of the Fourteenth Amendment through § 1983 and escape Title VII's comprehensive remedial scheme, even if the same facts would suggest a violation of Title VII. *Trigg, supra,* 766 F.2d at 302; *Ratliff v. City of Milwaukee,* 795 F.2d 612, 624 (7th Cir.1986); *Pollard v. City of Chicago,* 643 F.Supp. 1244, 1251–52 (N.D.Ill.1986).

Here, Count II of the amended complaint asserts violations of plaintiff's constitutional rights through §§ 1981, 1983 and 1988. Because the law of this Circuit recognizes that a plaintiff may sue for violations of the Fourteenth Amendment through § 1983, even if the same facts provide the basis for a Title VII claim[3], defendants' motion to dismiss Count II because it was not filed in compliance with the procedural requirements of Title VII is denied. The court makes no finding as to the sufficiency of plaintiff's § 1981 and § 1983 claims.

For the foregoing reasons, defendants' motion to dismiss is denied.

---

2. Title VII prohibits employment discrimination based on race or sex. Civil Rights Act of 1964, § 701 *et seq.*, as amended, 42 U.S.C.A., § 2000e *et seq.* The Equal Protection Clause of the Fourteenth Amendment, U.S.C.A. Const.Amend. 14, prohibits intentional discrimination, including employment discrimination, based on membership in a particular class. *See Trigg v. Fort* *Wayne Community Schools,* 766 F.2d 299, 300 (7th Cir.1985).

3. Section 1981, like § 1983, provides a remedy for racial discrimination by state officials in violation of the Fourteenth Amendment, independent of action under Title VII. *See Tafoya v. Adams,* 612 F.Supp. 1097 (D.C.Colo.1985).