Lawrence J. and Doris W. KONCELIK, Plaintiffs,

v.

The TOWN OF EAST HAMPTON, et al., Defendants.

No. CV 91–2869.

United States District Court, E.D. New York.

Dec. 24, 1991.

Lawrence J. Koncelik, Jr. and Theresa K. Quigley, East Hampton, N.Y., for plaintiffs.

Faruolo, Caputi, Weintraub & Neary by Gary W. Weintraub, Huntington, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiffs, Lawrence J. and Doris W. Koncelik, ("plaintiffs"), husband and wife, bring this action under 42 U.S.C. § 1983 against the Town of East Hampton (the "Town"), the Town Board of East Hampton ("Town Board"), the Town Planning Board of East Hampton ("Planning Board"), the East Hampton Town Zoning Board of Appeals ("ZBA"), and unnamed John Doe conspirators Nos. 1 through 10 (collectively "defendants"). Plaintiffs allege violations of their constitutional rights to procedural and substantive due process under the Fifth and Fourteenth Amendments and further allege a taking of their property without just compensation, also in violation of their Fifth and Fourteenth Amendment rights. Presently before the Court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is granted in part and denied in part.

## I. BACKGROUND

Since 1948, plaintiff Doris Koncelik has owned approximately 17 undivided acres in the Town of East Hampton and both plaintiffs own a contiguous parcel of 1.5 acres. In 1957, the property was subjected to one acre zoning. Later it was re-zoned to two acres and in 1985, just prior to the Town's purchase of the approximately 600 acre Grace Estate (contiguous to plaintiffs' land) as a nature preserve, it was re-zoned to five acres.[1]

In November 1987, in order to develop her property, Doris Koncelik applied to the ZBA for a variance to have the property divided into four lots. Plaintiffs allege that defendants conspired to deny the requested variance (and later to impose numerous unreasonable easements and other conditions on their approval of the Konceliks' application for a conforming subdivision) in order to prevent the development of the property, thereby effectively increasing the size of the adjacent Grace Estate Town Nature Preserve. More specifically, plaintiffs allege that at closed-door sessions the ZBA received improper and prejudicial input from the Pine Barrens Commission, the Town of East Hampton Department of Planning ("Planning Department") and the Planning Board. On August 3, 1988, on a split vote, the ZBA denied the variance.

Rather than seek judicial review of the ZBA's decision, on November 18, 1988, the Konceliks applied to the Planning Board for a conforming five-acre, three-lot subdivision and for a lot line modification that would join their abutting 1.5 acre lot with the two acres remaining from their proposed subdivision. Without notice to the Konceliks, the Planning Board conducted hearings, made various contradictory findings and recommendations, and suggested numerous easements and other restrictions which severely limited the area in which new housing could be built. The Konceliks hired an environmental expert who studied the property and found that the Planning Board's recommendations and restrictions were all unnecessary, and in some cases environmentally counter-productive.

On April 2, 1990, the Planning Board stated that it would grant conditional approval of the Konceliks' application if the Konceliks agreed to adopt the Planning Board's latest recommendations. The Konceliks rejected those recommendations on April 10, 1990, and insisted that the Planning Board act on the application as submitted. On May 16, 1990, the Planning Board approved the application, but subject to twenty-eight restrictive conditions.

On June 15, 1990, the Konceliks commenced an Article .78 proceeding in Supreme Court, Suffolk County in which they appealed the ZBA's denial of their application for a variance ("ZBA claim") and the Planning Board's conditional approval of

---

**1.** The 1985 zoning change affected only three private property owners: the Konceliks, their neighbors, the Whalens, and the Grace Estate.

their conforming subdivision ("Planning Board claim"). Their complaint and verified petition alleged the identical procedural and substantive due process and takings claims that are presented in this case, albeit not in terms of federal Constitutional violations. In November 1990, the state court ruled that the appeal of the 1988 ZBA decision was time-barred. However, as to the Planning Board's conditional approval, it stated:

> The Board found that the applicants had complied with all statutory requirements for subdivision waiver approval.... Nevertheless, conditions inconsistent with intelligent planning, without legitimate governmental or public purposes for safety, health, welfare or environmental interests, in contravention with the Town Code and absent evidence demonstrating necessity were imposed.... [T]he conditions employed by the Planning Board are arbitrary, capricious, improper and in excess of the powers delegated.

*Koncelik v. Planning Board of the Town of East Hampton and the Zoning Board of Appeals of the Town of East Hampton,* No. 90–12629, (Supreme Court, Suffolk County, Nov. 2, 1990), at pp. 2–3 (unrecorded decision).[2] Accordingly, the state court excised all twenty-eight of the Planning Board's conditions. The Planning Board and the ZBA appealed and the Konceliks cross-appealed regarding their ZBA claim. Both appeals are currently before the Appellate Division.

After the appeals were perfected, plaintiffs brought this action under 42 U.S.C. § 1983, alleging that defendants violated their rights to procedural and substantive due process, and deprived them of their property without just compensation. They seek two million dollars in damages on each of these claims, plus attorney fees.

Defendants suggest that plaintiffs brought this federal suit merely as a means of pressuring them to give up their state court appeal. They move to dismiss pursu-

ant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in the alternative, urge this Court to decline jurisdiction due to the pendency of the state action.

## II. DISCUSSION

### A. *Abstention Doctrine Is Not Applicable*

■ Defendants recognize this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Nevertheless, they request that this Court abstain from exercising its jurisdiction because of the pending state court appeals. They argue that the state courts can provide plaintiffs with full and complete relief.

*Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971) and its progeny have held that principles of federalism and comity require a federal court to decline jurisdiction when it is asked to enjoin certain ongoing state proceedings. *See e.g., Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604, 95 S.Ct. 1200, 1208, 43 L.Ed.2d 482 (1975). In the instant case, however, plaintiffs have already obtained their desired injunctive relief from the state court. This § 1983 action seeks additional relief: monetary damages and attorney fees for the alleged violations of their Constitutional rights.

■ The mere pendency of a state proceeding with identical facts does not entitle a federal court to dismiss an action over which it has mandatory subject matter jurisdiction except in specific circumstances not found here. *Colorado River Water Cons. Dist. v. U.S.,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976); *CECOS Intern., Inc. v. Jorling,* 895 F.2d 66, 70 (2d Cir.1990); *Giulini v. Blessing,* 654 F.2d 189, 193 (2d Cir.1981).

> Absent such circumstances, "[e]ach court is free to proceed in its own way and its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of

---

**2.** The state court did not address the Konceliks' procedural due process claim or their takings claim.

that judgment is to be determined by the application of the principles of res judicata."

Id. (quoting Kline v. Burke Construction Co., 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922)). See also Migra v. Warren City School District Board of Education, 465 U.S. 75, 80, 104 S.Ct. 892, 895, 79 L.Ed.2d 56 (1984) (in § 1983 action res judicata applied based on prior state court adjudication); Atlantic Coast Line v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970).[3] Accordingly, this Court cannot refuse to exercise its jurisdiction.[4]

### B. Section 1983 Action Not Barred by Res Judicata

■ Although plaintiffs could have brought their § 1983 claims before the state court in the Article 78 proceeding, Antonsen v. Ward, 943 F.2d 198, 202 (2d Cir.1991); CECOS Intern., Inc., 895 F.2d at 71; Kovarsky v. Housing & Development Administration of the City of New York, 31 N.Y.2d 184, 335 N.Y.S.2d 383, 286 N.E.2d 882 (1972), the principles of res judicata do not, as defendants argue, preclude those claims from this Court. Res judicata is not applicable because the initial forum—the Article 78 proceeding—did not have the power to award the damages sought here. Davidson v. Capuano, 792 F.2d 275, 278–82 (2d Cir.1986); Farid v. Smith, 850 F.2d 917, 927 (2d Cir.1988) (Kearse, J., concurring); Fay v. South Colonie Cent. School Dist., 802 F.2d 21, 29–30 (2d Cir.1986); Carino v. Town of Deerfield (Oneida County, N.Y.), 750 F.Supp. 1156, 1162–63 (N.D.N.Y.1990), aff'd, 940 F.2d 649 (2d Cir.1991).

### C. Principles Governing a Motion to Dismiss

It is well settled that a complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Maggette v. Dalsheim, 709 F.2d 800, 803 (2d Cir.1983). Moreover, on a motion to dismiss, the allegations in plaintiffs' complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 1082, 31 L.Ed.2d 263 (1972) (per curiam). With these principles in mind, the Court considers defendants' motion.

### D. Plaintiffs Lack a Property Interest in Their Application for a Variance

■ The starting point for an inquiry into any due process claim is to determine whether plaintiffs had a property interest sufficient to trigger federal due process guarantees. Board of Regents v. Roth, 408 U.S. 564, 576–77, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548 (1972); New Burnham Prairie Homes v. Village of Burnham, 910 F.2d 1474, 1479 (7th Cir.1990); RRI Realty Corp. v. Inc. Village of Southampton, 870 F.2d 911, 914, 918 (2d Cir.), cert. denied, 493 U.S. 893, 110 S.Ct. 240, 107 L.Ed.2d 191 (1989); Brady v. Town of Colchester, 863 F.2d 205, 211–12 (2d Cir.1988) ("In the context of a zoning dispute, to state a claim ... for deprivation of 'property' without due process of law a person must establish that he had a valid 'property interest' in some benefit that was protectible under the fourteenth amendment at the time he was deprived of the benefit"). The issue of whether an applicant has such a property interest will generally be a matter of law for the court. RRI Realty Corp., 870 F.2d at 918.

In RRI Realty Corp., the Second Circuit reversed a judgment under a due process claim in favor of a builder who had alleged that the Village of Southampton had wrongfully denied it a building permit. The court reached its decision by focusing solely on whether the builder had a protected property interest under the entitlement

---

**3.** It is also clear that a plaintiff is not required to exhaust state judicial remedies before bringing a § 1983 action. Patsy v. Board of Regents, 457 U.S. 496, 506–07, 102 S.Ct. 2557, 2562–63, 73 L.Ed.2d 172 (1982).

**4.** In the interest of comity, this Court will stay any decision it may render on the merits pending the final resolution of the state appeals.

test developed in *Yale Auto Parts Inc. v. Johnson,* 758 F.2d 54 (2d Cir.1985).

> If federal courts are not to become zoning boards of appeals ... the entitlement test of *Yale Auto Parts*—"certainty or a very strong likelihood" of issuance—must be applied with considerable rigor. Application of the test must focus primarily on the degree of discretion enjoyed by the issuing authority, not the estimated probability that the authority will act favorably in a particular case.

*RRI Realty Corp.,* 870 F.2d at 918. Because the Village's Architectural Review Board had discretion to deny the building permit, RRI had no property interest "regardless of how unlawful under state law the ultimate denial may have been." *Id.* at 919.

In the instant case, the ZBA clearly had discretion to deny the Konceliks' application for a variance for a four-lot subdivision. Accordingly, because the ZBA could have denied the application on non-arbitrary grounds, the Konceliks had no protectible property interest in the variance and their due process claims are dismissed in regard to defendants' actions up to August 3, 1988 (when the ZBA denied the variance). *See id.* at 918. Because all of plaintiffs' allegations against the ZBA relate to this time period, all claims against the ZBA are dismissed.

### E. Plaintiffs' Have a Property Interest in Their Application for a Conforming Subdivision

■ The situation as to the Konceliks' November 18, 1988 application to the Planning Board for a conforming five-acre, three-lot subdivision is quite different. The state court found that the Konceliks "complied with all statutory requirements for subdivision waiver approval, the general policy of the Town Code, the criteria for lot line modification and the requirements of SEQRA." *Koncelik,* at 3. This Court is bound by the doctrine of collateral estoppel to accept that finding. *See, e.g., Migra,* 465 U.S. at 80, 104 S.Ct. at 896. It follows

that the Planning Board lacked the discretion to impose its restrictive conditions on its approval of the Konceliks' application,[5] and the Konceliks therefore had a protectible property interest in the conforming subdivision under the *Yale Auto Parts* entitlement test. Thus, this Court must examine the specific allegations of deprivation of due process as to the Planning Board's conditional approval of the Konceliks' application.

### F. Procedural Due Process Claim Not Barred as to Acts Subsequent to August 3, 1988

■ The right to procedural due process mandates that all litigants receive an opportunity for a full and fair hearing on the merits of their claim before an impartial fact finder. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 437, 102 S.Ct. 1148, 1153, 1158, 71 L.Ed.2d 265 (1982); *Parratt v. Taylor,* 451 U.S. 527, 540, 101 S.Ct. 1908, 1915, 68 L.Ed.2d 420 (1981); *Boddie v. Connecticut,* 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971).

■ Defendants argue that under *Parratt* and its progeny, plaintiffs' procedural due process claim is barred due to the existence of New York's Article 78 proceedings. *Parratt,* 451 U.S. at 543, 101 S.Ct. at 1917 (loss of property through random and unauthorized acts of state agents is not actionable under § 1983 when the state provides adequate post-deprivation remedies). They note Article 78 proceedings provide parties with an inexpensive, simplified and speedy review of administrative actions. *See Davidson,* 792 F.2d at 280; *Liotta v. Rent Guidelines Board,* 547 F.Supp. 800, 801 (S.D.N.Y.1982); *Herrmann v. Brooklyn Law School,* 432 F.Supp. 236, 239 (E.D.N.Y.1976); *Austin v. Board of Higher Ed. of the City of New York,* 5 N.Y.2d 430, 186 N.Y.S.2d 1, 10, 158 N.E.2d 681, 687 (1959).

However, the existence of post-deprivation remedies does not necessarily preclude a plaintiff from bringing a § 1983 action for deprivation of procedural due process.

---

**5.** The twenty-eight conditions imposed by the Planning Board denied the Konceliks the right to develop approximately ninety percent of their property.

*Parratt* and its progeny apply only to "random and unauthorized" conduct. *Logan*, 455 U.S. at 435–36, 102 S.Ct. at 1158; *Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990); *Labov v. Lalley*, 809 F.2d 220 (3d Cir.1987) (*Parratt* not applicable "to charges of intentional conspiratorial conduct under color of state law").

In *Sullivan v. Town of Salem*, 805 F.2d 81, 86 (2d Cir.1986), the Second Circuit held that if a building official's improper denial of a certificate of occupancy either established or was pursuant to town policy, then *Parratt* would be inapposite. In this case, the Konceliks allege that the Planning Board imposed its onerous conditional approval pursuant to the Town's plan to effectively increase the size of the Grace Estate Town Nature Preserve. As discussed above, on a motion to dismiss these allegations must be accepted as true.

In addition, defendants' conduct cannot be characterized as "unauthorized" in the sense that the term was used in *Parratt*. Here, the government defendants that the Konceliks charge with violating their procedural due process rights are the specific entities that are charged with protecting those rights. The state employee in *Parratt*, a prison guard, had no similar duty or authority. *See Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 990, 108 L.Ed.2d 100 (1990).

Furthermore, the post-deprivation remedy discussed in *Parratt* must be "adequate." In *Acorn Ponds v. Village of North Hills*, 623 F.Supp. 688, 690–91 (E.D.N.Y.1985), property owners claimed that biased members of the North Hills Board of Zoning and Appeals had improperly denied inspections which were required for the acquisition of certificates of occupancy. Plaintiffs twice obtained orders in Article 78 proceedings directing that the inspections be made, but these post-deprivation remedies were claimed to be inadequate due to the resultant delays in obtaining the certificates of occupancy. *Id.* at 691. The court, denied defendants' motion to dismiss and held that "[those] claims, if proven, would constitute a violation of

plaintiff's right to due process . . . cognizable under § 1983". *Id.* at 693.

In the instant case, the Konceliks allege that the Planning Board, without giving them notice, held closed-door meetings at which biased statements by the Planning Department were improperly submitted to it and invariably acted upon. Moreover, although plaintiffs timely and successfully availed themselves of the Article 78 proceeding (as to the Planning Board claim), their plans to develop their property are still being delayed by the ZBA's and the Planning Board's pending appeal. Finally, as stated above, the Article 78 proceeding neither decided the procedural due process claim, nor was it the proper forum in which to bring a claim for damages. Accordingly, defendants' motion to dismiss the procedural due process claim is denied as to acts subsequent to August 3, 1988.

### G. *Substantive Due Process Claim*

In a zoning dispute case, a party is denied its right to substantive due process if it is deprived of property in an arbitrary or discriminatory manner. *Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 267, 97 S.Ct. 555, 564, 50 L.Ed.2d 450 (1977); *Brady*, 863 F.2d at 215. The state court held that the twenty-eight restrictions that the Planning Board included in its conditional approval of the Konceliks' subdivision waiver application were "arbitrary and capricious" and "inconsistent with intelligent planning, without legitimate governmental or public purposes for safety, health, welfare or environmental interests, in contravention of the Town Code and absent evidence demonstrating necessity." *Koncelik*, at 3. Although collateral estoppel may not apply to the ultimate issue in the instant case because the state court did not make its decision on federal Constitutional grounds, *see, e.g., Altaire Builders, Inc. v. Village of Horseheads*, 551 F.Supp. 1066, 1075–76 (W.D.N.Y.1982), the state court's holding is clearly sufficient to defeat defendants' motion to dismiss the substantive due process claim as to acts subsequent to August 3, 1988.

## H. *Taking Claim*

Defendants note that the Konceliks' complaint is very unclear regarding the "takings" claim. Plaintiffs do not allege that the Town has attempted to condemn their property through eminent domain nor do they assert that they have been deprived of all economically viable use of their property. *Agins v. City of Tiburon*, 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980); *see also, Park Ave. Tower Associates v. City of New York*, 746 F.2d 135, 138–40 (2d Cir.1984) (citing cases upholding zoning regulations which substantially reduce property value and rejecting taking claim based on zoning change that would prevent investors from obtaining a "reasonable return on their investments"), *cert. denied sub nom. 40 Eastco v. City of New York*, 470 U.S. 1087, 105 S.Ct. 1854, 85 L.Ed.2d 151 (1985).

Moreover, if plaintiffs intend to bring this claim under an "inverse condemnation" theory, they would have to show that their property has already been taken by the government, though without the use of formal condemnation proceedings. *See, e.g., United States v. Clarke*, 445 U.S. 253, 257, 100 S.Ct. 1127, 1130, 63 L.Ed.2d 373 (1980). However, they cannot show that since the Planning Board has already granted conditional approval for their three-lot subdivision and the state court has eliminated all the Planning Board's conditions.

▆▆ In any event, a takings claim does not ripen until a property owner has used available state procedures to seek just compensation. *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 195, 105 S.Ct. 3108, 3121, 87 L.Ed.2d 126 (1985); *East–Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n*, 896 F.2d 1264, 1266 (11th Cir.1990). Plaintiffs have not shown that New York's "inverse condemnation procedure is unavailable or inadequate, and until it has utilized that procedure, [their] taking claim is premature." *Williamson*, 473 U.S. at 196–97, 105 S.Ct. at 3122. Accordingly, defendants' motion to dismiss is granted as to the takings claim.

## I. *Dismissal as to John Doe Conspirators, the Town and the Town Board*

Regarding John Doe conspirators Nos. 1 through 10, plaintiffs' complaint fails not only to name specific persons, but even to allege specific acts. Plaintiffs must do more than state "conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive [them] of [their] constitutional rights." *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1389, 113 L.Ed.2d 446 (1991). They have failed to meet that burden.

Defendants contend that the Town and the Town Board should be dismissed because plaintiffs make no allegations as to either one. Further, they state that the Town Board is not even involved in the granting or denial of variances or site plans, functions reserved to the ZBA and the Planning Board.

In support of their claims against the Town Board, plaintiffs cite only *Shannon v. Village of Broadview*, 682 F.Supp. 391 (N.D.Ill.1988). However, *Shannon*, an employment discrimination case, is completely inapposite. In *Shannon*, the "Board" defendant is the Board of Fire and Police Commissioners, an entity directly responsible for the allegedly discriminatory acts. Furthermore, *Shannon* holds that the Village can be held liable for the Board's acts, not that the Board is liable whenever the Village is.

▆▆ In contrast, plaintiffs' claims against the Town are well-supported. A § 1983 action can be maintained against a municipality for a single act of an official responsible for making that policy. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 1300, 89 L.Ed.2d 452 (1986); *Monell v. Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978); *Shelton v. City of College Station*, 754 F.2d 1251, 1257 (5th Cir.1985). In *Shelton*, the Fifth Circuit held a municipality liable for injuries caused by unconstitutional acts of its zoning board because the city "had del-

egated exclusive policy-making authority to that Board with regard to the grant or denial of variances." *Id.* at 1257. Similarly, in the instant case, the authority granted by the Town to the Planning Board makes the Town liable for any unconstitutional acts of the Planning Board that caused injury to the Konceliks.

### III. CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss is granted as to the first and second causes of action for procedural and substantive due process, but only as to acts taken prior to August 3, 1988 (when the ZBA denied the Konceliks' application for a variance); granted as to the third cause of action for taking without just compensation; and denied as to the first and second causes of action as to acts taken subsequent to August 3, 1988. All claims against John Doe conspirators, the ZBA and the Town Board are dismissed, with leave to replead after completion of discovery; defendants' motion to dismiss the Town and the Planning Board is denied.

SO ORDERED.