Joan FLYNN, Robert Bertermann,
Eva Christopherson, et al.,
Plaintiffs–Appellants,

v.

Dennis KORNWOLF, Stephen A. Simanek,
in their individual capacities and Racine
County, a municipal corporation, Defendants–Appellees.

No. 95–2592.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 4, 1995.

Decided May 15, 1996.

Elizabeth Adelman, argued, Adelman, Adelman & Murray, Milwaukee, WI, for Plaintiffs–Appellants.

James H. McDermott, argued, Office of the Atty. Gen., Wisconsin Dept. of Justice, Madison, WI, for Stephen A. Simanek.

Mark Vannucci, argued, Victoria Lynn Kies, Racine County Corp. Counsel, Racine, WI, for Racine County and Jean Jacobson.

Before BAUER, DIANE P. WOOD and EVANS, Circuit Judges.

BAUER, Circuit Judge.

The plaintiffs, former part-time bailiffs in Racine County, Wisconsin, brought suit under 42 U.S.C. § 1983, claiming that the defendants violated their due process rights by demoting them and terminating their employment without cause. The district court granted the defendants' motions to dismiss. We affirm.

## BACKGROUND

We accept as true the facts alleged in the plaintiffs' complaint. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1428 (7th Cir.1996). The plaintiffs worked as part-time bailiffs in Racine County. Their duties primarily involved the care and custody of jurors. Before 1992, they worked more than 600 hours per year. In the summer of 1992, Dennis Kornwolf, the county executive, and Stephen Simanek, a Racine County circuit court judge and the chief judge of the state's Judicial District II, realized that any county employee who worked more than 600 hours per year became entitled to pension benefits from the Wisconsin Retirement System. To save the county the expense of paying $.36 per hour for the plaintiffs' pension benefits, Kornwolf and Simanek decided to fire the plaintiffs and replace them with bailiffs who would work less than 600 hours per year. In September 1992, Kornwolf laid off the plaintiffs, despite their willingness to pay for their own pension benefits in order to keep their jobs.

In January 1993, the county rehired most of the plaintiffs as "court attendants" rather than "bailiffs." The plaintiffs viewed this as a demotion. Two months later, the Racine County circuit court judges signed an "order appointing court attendants" through the end of the year. The order limited the court attendants' work to 599 hours per year. Although the plaintiffs worked fewer hours than before, they alleged that they actually did more work as a result of a new county policy assigning one bailiff per jury rather than two. Because of this policy and other changes in the conditions of their employment, several plaintiffs quit their jobs. Despite the County's opposition, those plaintiffs applied for and received pension benefits. In May 1993, Simanek told those plaintiffs still employed as court attendants that they would be discharged and rehired as Kelly Temporary Services employees.

In August 1994, the plaintiffs filed this suit pursuant to 42 U.S.C. § 1983, alleging that Simanek and Kornwolf, acting in their individual capacities, demoted the plaintiffs and terminated their employment without cause, notice, or a hearing in violation of Wisconsin laws setting forth employment rules for county civil service. *See* Wis. Stat. §§ 63.01 to 63.17. The plaintiffs contended that Simanek and Kornwolf thus deprived them of their constitutional right to due process under the Fourteenth Amendment. The plaintiffs also sued Racine County, claiming that it violated their due process rights by excluding them from civil service protections against demotion or termination without cause, notice, or a hearing. The district court granted the defendants' motions to dismiss because the plaintiffs failed to state a due process property interest in their employment, and therefore failed to show any violation of their constitutional or civil rights. We review *de novo* the district court's dismissal for failure to state a claim. *Warzon v. Drew,* 60 F.3d 1234, 1238 (7th Cir.1995).

## ANALYSIS

### I. *Property Interest*

If the plaintiffs had property rights in their employment, the defendants could not deprive them of those rights without adequate due process. *See Fittshur v. Village of Menomonee Falls,* 31 F.3d 1401, 1405 (7th Cir.1994), *citing Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). *See also Board of Regents v. Roth,* 408 U.S. 564, 576–77, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548 (1972). Whether the plaintiffs had a substantive property interest in their jobs is a question of state law. *Fittshur,* 31 F.3d at 1405. The relevant inquiry under Wisconsin law turns on whether the employment is at-will. *Id; Listenbee v. City of Milwaukee,* 976 F.2d 348, 351 (7th Cir.1992). Employment at will, in which the employee has no property interest, is the rule. *Warzon,* 60 F.3d at 1240. On the other hand, an employee terminable only for cause has a property interest in his employment. *See Listenbee,* 976 F.2d at 351.

### a. *Racine County Ordinance*

The plaintiffs first assert that they were civil servants terminable only for cause because Racine County inadvertently extended civil service coverage to all county employees by passing an overbroad county ordinance, Racine County Code §§ 17–1 *et seq.* Generally, once a county establishes a civil service commission, the county must give civil service protections to all county employees. *See* Wis.Stat. § 63.03(1). However, a county may establish a civil service commission for the selection of deputy sheriffs and limit civil service protections to deputy sheriffs. *See* Wis.Stat. § 59.21(8) (providing that if a civil service commission is decided upon for the selection of deputy sheriffs, the general rule requiring universal civil service coverage for county employees does not apply). The plaintiffs contend that Racine County Code § 17–21, by establishing a civil service commission for the sheriff's *department,* rather than just for the deputy sheriffs, extended civil service coverage to all county employees.

This argument fails for several reasons. First, it is inconsistent with a plain reading of Racine County Code § 17–21, which establishes a civil service commission for the sheriff's department "pursuant to W.S.A. §§ 59.21 and 63.01 et seq." As we already have noted, section 59.21(8) allows counties to create civil service commissions but limit civil service coverage to deputy sheriffs. The ordinance's reference to section 59.21 indicates that the county intended to limit civil service protections to deputy sheriffs.

Furthermore, the ordinance's repeated references to the position of deputy sheriff show that it extended civil service protections only to deputy sheriffs. For example, the ordinance requires that each member of the civil service commission be "highly knowledgeable of the duties and responsibilities of the deputy sheriff position," and "familiar with the important qualifications needed to become a successful deputy." Similarly, those sections of the ordinance addressing the application process and requirements for covered positions, as well as the preparation of and hiring from the eligibility list, all refer to the posi-

tion of deputy sheriff. Nowhere does the ordinance state that all department employees, let alone all county employees, are covered by its civil service protections. In short, the mere fact that the ordinance uses the word "department" does not convert it into a county-wide civil service provision.

b. *Court Order*

 Next, the plaintiffs contend that the March 1993 court order appointing them court attendants gave them a property interest in their employment. The order lists the plaintiffs' names, defines their authority, and states that the order expires on December 31, 1993. The plaintiffs argue that the order appointed them for a definite term, and therefore they had a "legally enforceable expectancy" in their employment and could be terminated only for cause.

The Wisconsin Supreme Court has held that "[a]bsent civil service regulations or laws, or a contract or collective bargaining agreement, a [public] employee is an employee at will and has no property interest in employment." *Vorwald v. School Dist. of River Falls*, 167 Wis.2d 549, 557, 482 N.W.2d 93, 96, *cert. denied*, 506 U.S. 941, 113 S.Ct. 378, 121 L.Ed.2d 289 (1992). The plaintiffs contend that, like civil service regulations or laws, or contracts or collective bargaining agreements, the court order appointing them abrogated Wisconsin's general rule of at-will employment and made their employment terminable only for cause. They assert that the order gave them a "legitimate claim of entitlement" to their employment during its effective dates, and that they therefore had a property interest in their jobs.

The plaintiffs' argument fails. Although the court order appointing them to their positions did contain an expiration date, it "place[d] no substantive restriction on the county's [or the appointing judges'] authority to terminate" the plaintiffs before it expired. *See Warzon*, 60 F.3d at 1240. Nowhere does the order state in "explicitly mandatory language" that the appointing judges have limited discretion to terminate the plaintiffs' em-

ployment at the judges' will. *See Fittshur*, 31 F.3d at 1406. Absent such language, the mere fact that the plaintiffs allegedly relied on the order as guaranteeing their employment until the order expired was not sufficient to create a property interest that would trigger due process protections.

Because neither Racine County Ordinance § 17–1 *et seq.* nor the court order gave the plaintiffs a property interest in their employment, the defendants were free to terminate them "whenever and for whatever reasons [they] so desire[d]." *Wilcox v. Niagara of Wisconsin Paper Corp.*, 965 F.2d 355, 358 (7th Cir.1992). The district court properly dismissed the plaintiffs' complaint for failure to state a claim.[1]

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

---

1. Because we affirm the district court's dismissal, we need not address the plaintiffs' argument that the district court abused its discretion in

staying all discovery pending resolution of the defendants' motions to dismiss.