**Roger GRAHAM, Plaintiff,**

v.

**GENDEX MEDICAL X–RAY, INC., a division of Dentsply International, Inc., Defendant.**

No. 97 C 0814.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 13, 1997.

Herbert H. Victor, Karen Lynn Spence, Cynthia Lynne Hackerott, Chicago, IL, for Plaintiff.

Anthony J. Crement, Sally J. Scott, Franczek, Sullivan, Maun, Crement, Hein, Rehas, P.C., Chicago, IL, for Defendant.

## OPINION AND ORDER

NORGLE, District Judge.

Before the court is Defendant Gendex Medical X–Ray Inc.'s Motion to Dismiss. For the following reasons, the motion is denied.

### I. BACKGROUND

Plaintiff Roger Graham ("Graham") worked for Gendex Medical X–Ray, Inc. for approximately thirty-eight years before Gendex Medical X–Ray, Inc. terminated him on March 6, 1996. At seventy years of age, Graham was the oldest employee in the office.

On November 21, 1996, Graham filed charges of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") with the Equal Employment Opportunity Commission ("EEOC"). In his EEOC complaint, Graham named Gendex Medical X–Ray, Inc. and Dell Electronics Laboratories, Ltd. as defendants. On November 7, 1996, after evaluating the claim, the EEOC dismissed Graham's complaint and issued him a right-to-sue letter.

On February 5, 1997, Graham filed a complaint in the Northern District Court of Illinois against Gendex–Del Medical Imaging Corp. and Dell Electronics Laboratories, Ltd. In his Complaint, Graham alleged that Gendex–Del Medical Imaging Corp. and Dell Electronics Laboratories, Ltd. discriminated against him because of his age in violation of the ADEA. On February 26, 1997, Graham filed an Amended Complaint against Gendex Medical X–Ray a/k/a Gendex–Del Medical Imaging Corp. On April 28, 1997, Gendex–Del Medical Imaging Corp. filed its Answer to the Amended Complaint. In its Answer, Gendex–Del Medical Imaging Corp. stated that Graham had sued the wrong party as they had never employed nor discharged Graham. Gendex–Del Medical Imaging Corp. further stated that Gendex Medical X–Ray Inc. ("Gendex Medical"), was the entity that employed and discharged Graham, and that it is a separate corporate entity, unrelated to Gendex Medical.

Consequently, on May 1, 1997, Graham filed a Second Amended Complaint against Gendex Medical, a division of Dentsply International, Inc., without leave of court. Thus, Gendex Medical moves to dismiss Graham's Second Amended Complaint as time-barred. Gendex Medical contends that Graham's Second Amended Complaint would have to relate back to the date of the original complaint to be timely. However, Gendex Medical argues that Graham has failed to meet the relation back requirements set out in Rule 15(c). Alternatively, Gendex Medical argues that Graham's Second Amended Complaint should be dismissed because it was filed without leave of court.

In response, Graham argues that his Second Amended Complaint is not time-barred because it relates back to the date of the original complaint. Graham claims that the relation back doctrine is applicable because Gendex Medical was put on notice that it might be sued when Graham filed an EEOC complaint against it. Additionally, Graham moves the court for leave to amend his complaint pursuant to Rule 15(a).

### II. DISCUSSION

When considering a motion to dismiss, the court must accept all well-pleaded factual allegations as true. *See Flynn v. Kornwolf,* 83 F.3d 924, 925 (7th Cir.1996). The court must also draw all reasonable inferences in favor of the non-movant. *Id.* A complaint should not be dismissed unless "it is impossible [for the plaintiff] to prevail 'under any set of facts that could be proved consistent with [his] allegations.'" *Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir.1997) (*quoting Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).

#### A. Rule 15(c)

Under the ADEA, a plaintiff must file his claim within 90–days after the date of the receipt of the right-to-sue letter from the EEOC, dismissing the Commission's proceedings. See 29 U.S.C. § 626(e) (1994). As stated earlier, Graham received his right-to-sue letter from the EEOC on November 7, 1996. After receiving the letter, Graham filed his original complaint on February 5, 1997, within the 90–days limitation period.

Graham, however, did not name Gendex Medical until he filed his Second Amended Complaint on May 1, 1997, which was 175 days after he received his right-to-sue letter. Thus, Graham's Second Amended Complaint is time-barred, and should be dismissed unless it relates back to the date of the original complaint.

A plaintiff should be freely allowed to amend his complaint pursuant to Federal Rule of Civil Procedure 15(c). *See Woods v. Indiana University–Purdue Univ. at Indianapolis,* 996 F.2d 880, 883 (7th Cir.1993). " '[T]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and affect the principle that the purpose of pleading is to facilitate a proper decision on the merits.' " *Id.* at 882 *(quoting Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)).

In this case, Graham is attempting to name a new defendant after the 90–days limitation period has run. When the amendment seeks to change the party against whom the claim is asserted, Federal Rule of Civil Procedure 15(c)(3) applies. See Fed. R.Civ.P. 15(c)(3). Rule 15(c)(3) sets forth a number of requirements. *Id.* First, Rule 15(c)(3) requires that the claim asserted in the amended complaint arose out of the same conduct, transaction, or occurrence set forth in the original complaint. *Id.* In this case, Graham alleges the same facts in both complaints, giving rise to an age discrimination claim under the ADEA, thereby satisfying the first requirement of Rule 15(c)(3).

Second, Rule 15(c)(3) requires that the party to be named is served with a summons and complaint within the time period set out by Rule 4(m). *Id.* Rule 4(m) requires service to occur within 120–days of filing the complaint. See Fed.R.Civ.P. 4(m). This 120–days period begins to run as to a newly-named defendant when the defendant is first named in the amended complaint. *See Ellerson v. Andersen Consulting Financial Corporation,* No. 95–C5178, 1996 WL 66143, at *2 (N.D.Ill. Feb. 13, 1996). Here, Graham filed his Second Amended Complaint against Gendex Medical on May 1, 1997. On August 1, 1997, Graham served Gendex Medical.

Since Gendex Medical received service within the 120–days time requirement set out in Rule 4(m), the second requirement of Rule 15(c)(3) is satisfied.

The final requirement of Rule 15(c)(3) is two-fold: (1) the party being named by the amendment must have received notice of the action so that they will not be prejudiced in defending against the action, and (2) the party must have known or should have known that the action would have been bought against the party, but for a mistake concerning the identity of the proper party. *See* Fed.R.Civ.P. 15(c)(3).

In *Shannon v. Village of Broadview,* 682 F.Supp. 391, 394 (N.D.Ill.1988), the court held that the plaintiff's amended complaint, adding the "Board" as an additional party, related back to the date of the original complaint. In *Shannon,* the plaintiff filed an employment discrimination complaint against the Board with the EEOC. *Id.* at 392. After receiving his right-to-sue letter from the EEOC, the plaintiff filed an employment discrimination complaint against the "Village" in the Northern District Court of Illinois. *Id.* In an amended complaint, the plaintiff attempted to name the Board as an additional defendant. *Id.* The Board argued that the claim should be dismissed because the amended complaint, naming the Board, was filed more than 90–days after the plaintiff received his right-to-sue letter. *Id.* at 393.

In determining that the amended complaint related back to the date of the original complaint, the *Shannon* court stated that the Board was put on notice, and would not be prejudiced in defending against the action because it was named in the EEOC complaint. *Id.* The court further stated that the Board knew or should have known from being named in the EEOC complaint that this action would have been brought against the Board, but for a mistake concerning the identity of the proper party. *Id.; see also Maxey v. Thompson,* 680 F.2d 524, 526 (7th Cir. 1982) (Rule 15(c) permitted the plaintiff to relate his amended complaint back to the date of the original complaint because the defendant "was put on notice, by the charge the plaintiff filed with EEOC, that it might be sued, and [thus] should have known that

but for the plaintiff's mistake the action would have been brought against it.").

Similarly, Graham named Gendex Medical in his age discrimination complaint filed with the EEOC. As such, Gendex Medical received notice that it was a potential party to the suit, and will not be prejudiced by defending against this action because it had the opportunity to head off any potential lawsuit by settling the case when it was filed with the EEOC. *See Maxey,* 680 F.2d at 526. In addition, Gendex Medical knew or should have known from being named in the EEOC complaint that the instant action would have been brought against it, but for Graham's inadvertent mistake concerning the identity of the proper party. Therefore, Graham's amendment is allowed, and his Second Amended Complaint relates back to the date of the original complaint pursuant to Rule 15(c).

### B. Rule 15(a)

Alternatively, Gendex Medical argues that Graham's Second Amended Complaint should be dismissed because Graham did not seek leave of court to file his Second Amended Complaint as required by Federal Rule of Civil Procedure 15(a). *See* Fed.R.Civ.P. 15(a). Rule 15(a) states that leave to amend a pleading "shall be freely given when justice so requires." *Id.* The federal rules are intended to encourage cases to be disposed of on the merits and not on technical procedural problems. *See Woods,* 996 F.2d at 883; *see also Serfecz v. Jewel Food Stores, Inc.,* No. 92–C4171, 1997 WL 543116, at *2 (N.D.Ill. Sept. 2, 1997). Thus, the court denies Gendex Medical's *motion to dismiss Graham's* Second Amended Complaint based on a Rule 15(a) violation, and grants Graham leave to file an amended complaint pursuant to Rule 15(a).

### III. CONCLUSION

For the foregoing reasons, Gendex Medical's motion to dismiss is denied.

IT IS SO ORDERED.